BRONSTER FUJICHAKU ROBBINS
A Law Corporation

MARGERY S. BRONSTER    4750
ANTHONY "T. J." QUAN   7903
MELINDA WEAVER         10464
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881

Attorneys for Plaintiff
ELIZABETH A. MUELLER

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 OCT 30 AM 11:46

J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY; FREDDIE CARABBACAN, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawai'i; FRANCIS SEQUEIRA, in his individual capacity and official capacity as Warden of the Oahu Community Correctional Center, Department of Public Safety, State of Hawai'i; NOLAN ESPINDA in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawai'i; DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL No. 17-1-1764-10<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

DEO.

I do hereby certify that this is a full, true, and correct copy of the original filed in this office.

Clerk, First Circuit, State of Hawaii

EXHIBIT "A"

## COMPLAINT

Plaintiff Elizabeth A. Mueller ("Plaintiff or "Ms. Mueller"), by and through her attorneys Bronster Fujichaku Robbins, alleges and avers as follows:

## INTRODUCTION

1. Ms. Mueller brings this action because she was sexually violated and assaulted on July 3, 2014, by Defendant Freddie Carabbacan ("Defendant Carabbacan"), a Deputy Sheriff with the Department of Public Safety, State of Hawai'i ("DPS" or "State"), at the Circuit Court of the First Circuit courthouse in Honolulu. When Defendant Carabbacan sexually assaulted her, Ms. Mueller was an inmate and under the custody of DPS.

2. A few weeks after her assault, Ms. Mueller submitted a grievance to the DPS and requested that DPS investigate the July 3, 2014 incident. Three years later, in early July 2017, the DPS concluded its investigation of Ms. Mueller's grievance, confirmed that the sexual assault occurred, and represented that "corrective action" had been taken. Now that Ms. Mueller has properly exhausted her administrative remedies, and the State's investigation has concluded, Ms. Mueller brings this action to remedy the severe physical, emotional, and psychological damage she has suffered as a result of Defendants' conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Hawai'i Revised Statutes § 603-21.5(3), Haw. Rev. Stat. Chapter 662, and 42 U.S.C. §1983.

4. Venue in this Circuit Court is proper pursuant to Hawai'i Revised Statutes § 603-36(5).

**PARTIES**

5. Plaintiff ELIZABETH A. MUELLER ("Ms. Mueller") is a female individual who was detained at the First Circuit courthouse and Oahu Community Correctional Center ("OCCC") at various periods from June 2013 to the present time. On July 3, 2014, Ms. Mueller, while in the State's custody, was sexually assaulted and violated by Defendant Carabbacan. Presently, Ms. Mueller is a probationer with the State court system and remains under court supervision and compliant with probationary rules and regulations.

6. Plaintiff is, and was at all times mentioned herein, a resident of the City and County of Honolulu, State of Hawai'i.

7. Defendant STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY ("Defendant State and/or DPS") is the State and the state agency responsible for maintaining the custody and care of inmates in the State's prison and jail system, including OCCC. Defendant DPS also oversees the management, activities, and employment of the State's Sheriff Division, where Defendant Carabbacan was employed. DPS further establishes the policies, procedures, and practices of, among other things, the operation and management of the State's jail and prison system, and the State's Sheriff Division.

8. Defendant FREDDIE CARABBACAN ("Defendant Carabbacan") is, and was at all times mentioned herein, a resident of the City and County of Honolulu. Further, Defendant Carabbacan was at all times mentioned herein a

2

Deputy Sheriff with the Department of Public Safety, State of Hawai'i. Defendant Carabbacan is sued in his official capacity and individually.

9. Defendant FRANCIS SEQUEIRA ("Defendant Sequeira") is the Warden of OCCC and is responsible for OCCC's management and day-to-day operations. Defendant Sequeira is sued in his official capacity and individually.

10. OCCC is a custodial detention facility operated by the State and DPS primarily to house pre-trial detainees, though some convicted inmates are also housed at OCCC (collectively, "Detainees").

11. Defendant NOLAN ESPINDA ("Defendant Espinda") is the Director of the State of Hawai'i Department of Public Safety ("DPS") and is sued in his official capacity and individually.

12. Additional Defendant Doe individuals and entities 1-10 ("Doe Defendants") are persons or entities who may be liable to Ms. Mueller or may have an interest in the matter or issues pending, whose identities and capacities are presently unknown to Ms. Mueller. Ms. Mueller has been unable to ascertain whether or not all parties liable to Ms. Mueller are named herein. Ms. Mueller will identify such Doe Defendants when their names and capacities are ascertained. Ms. Mueller is informed and believes and thereon alleges that some of these Doe Defendants are, and at all times relevant herein, were, in some manner presently unknown to Ms. Mueller, engaged in and/or responsible for the acts and/or omissions alleged herein.

## **GENERAL ALLEGATIONS**

13.     On June 20, 2013, Ms. Mueller was charged with various drug related felony offenses by the State of Hawai'i, in *State of Hawai'i v. Elizabeth A. Mueller*, 1PC-13-1000848 ("Mueller Criminal Matter").

14.     On August 13, 2013, after extensive plea negotiations between the State and her counsel, Ms. Mueller entered no contest pleas to the charges in the Mueller Criminal Matter.

15.     On October 30, 2013, the Court, in the Mueller Criminal Matter, sentenced Ms. Mueller to four (4) years probation on two felony counts, and on the remaining count, to thirty (30) days jail. The Court also referred Ms. Mueller to the HOPE probation program, to assist Ms. Mueller in addressing her addictions through positive and therapeutic ways.

16.     On or about June 6, 2013, Ms. Mueller was taken into State custody for an alleged probation violation and remained in custody until a Court hearing scheduled for July 3, 2014.

17.     On July 3, 2014, Ms. Mueller was in custody in a cell at the Circuit Court of the First Circuit courthouse, located at 777 Punchbowl Street, Honolulu, Hawai'i, awaiting a hearing before the Court on compliance issues relating to Ms. Mueller's probation.

18.     While in the cell, Defendant Carabbacan approached Ms. Mueller and turned her around to face the wall. Defendant Carabbacan then instructed Ms. Mueller to take off all her clothes except her panties and bra. He then proceeded to grope Ms. Mueller, grabbing and squeezing her breasts, buttocks,

4

areas close to her vagina, and around her legs, in a sexually violative manner. Defendant Carabbacan sexually assaulted Ms. Mueller for about five minutes in the cell.

19. Ms. Mueller did not give permission to Defendant Carabbacan to physically violate her. While Defendant Carabbacan was sexually assaulting Ms. Mueller, one other female inmate witnessed this incident.

20. Defendant Carabbacan then instructed Ms. Mueller to move to another cell where she stayed for several minutes with another detainee, until he told her to move to yet another cell alone. While in that cell, Defendant Carabbacan told Ms. Mueller to remove her bra. Fearful, Ms. Mueller complied by removing her bra without removing her shirt.

21. After the incidents occurred, Ms. Mueller was severely physically and mentally traumatized. Shortly after Defendant Carabbacan assaulted her, Ms. Mueller reported the incident to various DPS sheriffs, Court staff, Adult Corrections Officers, Lieutenants, Sargeants, and to her public defender. When Ms. Mueller reported the incident to a particular lieutenant at the OCCC, he told her "chalk it up", "take one for the team", "it's not that serious", and "we have to protect our own."

22. A few weeks after the July 3, 2014 incident, Ms. Mueller, while still in State custody, filed a grievance and complaint with the State requesting an investigation of Defendant Carabbacan's sexual assault of her. Ms. Mueller was told by State representatives that she was required to file a grievance and have the incident investigated before she could file any claims in court.

5

23. Ms. Mueller was eventually released from custody on October 31, 2013, and continued on HOPE probation for the Mueller Criminal Matter.

24. From October 13, 2013 to October 9, 2017, Ms. Mueller has been incarcerated with the State a total of 1039 days, based on eight violations of her probation. During this time, Ms. Mueller understood that the State continued to investigate her July 2014 grievance related to Defendant Carabbacan's sexual assault, and that she was precluded from filing civil claims related to Defendant Carabbacan's conduct until the State completed its investigation.

25. Upon information and belief, prior to 2014 Defendant Carabbacan had sexually assaulted other female inmates in the custody of the State, and the State was aware of Defendant Carabbacan's conduct and actions. Despite the State's knowledge of Defendant Carabbacan's acts, the State continued to employ Mr. Carabbacan and allow him to oversee female inmates.

26. While incarcerated, Ms. Mueller sought further treatment from various mental health professionals and sexual abuse counseling at OCCC's Mental Health Division to address the trauma she suffered as a result of Defendant Carabbacan's sexual assault.

27. Pursuant to the Prison Rape Elimination Act of 2003 ("PREA"), on July 3, 2017, Ms. Mueller, while incarcerated, received a DPS PREA Mandated Reporting report from DPS Sargeant Allan Octavio. The report indicated that the "PREA incident that occurred on 7/3/14 has been investigated and substantiated" and "[c]orrective action has been taken against the employee."

6

28. After Ms. Mueller was presented with the July 3, 2017 report, Sargeant Octavio represented that the State's investigation of Ms. Mueller's grievance was complete and that she could proceed with her civil claims.

29. Ms. Mueller, through this action, seeks damages for the physical, psychological, and emotional damages caused by Defendants' actions and/or omissions.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. Section 1983: Cruel and Unusual Punishment in Violation of the 8th Amendment)**

30. Plaintiff incorporates by reference the paragraphs above.

31. 42 U.S.C. §1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

32. "[D]eliberate indifference to the substantial risk of sexual assault violates prisoners' rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment rights of State and local prisoners are protected through the Due Process Clause of the Fourteenth Amendment. PREA, 34 U.S.C.A. § 30301(13); citing *Farmer v. Brennan*, 511 U.S. 825 (1994).

7

33. By their policies, practices, acts, and omissions, Defendants deprived Ms. Mueller of her rights under the Federal and State constitutions, and are thus liable to Ms. Mueller under 42 U.S.C. §1983.

34. Defendants, through their policies, practices, acts, and omissions have and continue to exhibit deliberate indifference to the sexual and psychological harassment, abuse, and injuries of Ms. Mueller while in State custody, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

35. Defendants, through their policies, practices, acts and omissions subjected Ms. Mueller to the unnecessary and wanton infliction of pain, as well as emotional, psychological, and physical injury in violation of the Eighth Amendment of the United States Constitution.

36. With deliberate indifference to the substantial risk of serious harm to Ms. Mueller, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in Ms. Mueller being exposed to and victimized by psychological sexual abuse and harassment by employees of the State, in violation of the Eighth Amendment of the United States Constitution.

37. With deliberate indifference to the substantial risk of serious harm to Ms. Mueller and other female inmates, Defendants failed to appropriately investigate and act upon prior acts of sexual assault, psychological abuse and harassment at the First Circuit courthouse and OCCC, which resulted in Ms. Mueller being subjected to preventable physical, psychological, and sexual abuse, in violation of the Eighth Amendment of the United States Constitution.

38. With deliberate indifference to the substantial risk of serious harm to Ms. Mueller, Defendants failed to offer and provide constitutionally adequate mental health treatment to Ms. Mueller for trauma suffered by Defendant Carabbacan's sexual assault of her, in violation of the Eighth Amendment of the United States Constitution.

39. As a result thereof, Ms. Mueller has been damaged in amounts to be shown at trial, and Defendants are liable for all the remedies available under the law, including reasonable attorneys' fees and costs, interest, equitable and injunctive relief, and additional relief as this Court deems just and fair.

40. In unlawfully acting against Ms. Mueller, Defendants acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Ms. Mueller's equal rights under law, thereby necessitating the imposition of punitive and/or liquidated or exemplary damages against Defendants.

### SECOND CLAIM FOR RELIEF
### (Violations of the Hawai'i State Constitution)

41. Plaintiff incorporates by reference the paragraphs above.

42. By their policies, practices, acts, and omissions, Defendants deprived Ms. Mueller of her rights under Article I, §2 (Rights of Individuals), §3(Equality of Rights), §5 (Due Process and Equal Protection) §6 (Right to Privacy) and §12(Cruel and Unusual Punishment) of the Hawai'i State Constitution, entitling Ms. Mueller all available remedies under the law.

43. In unlawfully acting against Ms. Mueller and failing to protect her, Defendants acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Ms. Mueller's equal rights under law, thereby necessitating the imposition of punitive and/or liquidated or exemplary damages against Defendants.

## THIRD CLAIM FOR RELIEF
### (Negligence)

44. Plaintiff incorporates by reference the paragraphs above.

45. Under Haw. Rev. Stat. § 662-2 of the State Tort Liability Act ("STLA"), the State of Hawai'i has waived "its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances[.]"

46. Defendants had actual and constructive knowledge of the dangerous conditions at First Circuit courthouse and at OCCC, including but not limited to Defendant Carabbacan and other DPS employees' abusive propensity against female inmates and lack of supervision. As such, Defendants breached their duty of reasonable care to Ms. Mueller and other female inmates, by failing to protect Ms. Mueller from harm and by preventing the abuse and assaults upon other female inmates.

47. Further, Defendants negligently: (a) disregarded the safety of female inmates, including Ms. Mueller, in the State's custody, and (b) failed to protect Ms. Mueller from harm.

48. Specifically, Defendants are negligent, under the doctrine of *respondeat superior*, and under the STLA for their:

    (a) negligent hiring, supervision, and retention of Defendant Carabbacan, who assaulted and battered female inmates in the State's custody, including Plaintiff;

    (b) negligent failure to properly train DPS employees working at the First Circuit courthouse and OCCC, including Defendant Carabbacan;

    (c) negligent failure to properly and thoroughly investigate the assaults and batteries commited by DPS employees, including Defendant Carabbacan;

    (d) negligent failure to reprimand DPS employees, including Defendant Carabbacan, and prevent them from harming other female inmates in the custody of the State;

    (e) negligent management of the First Circuit courthouse, OCCC, and their operations; and,

    (f) negligent and unreasonable failure to adopt and implement policies and procedures to supervise and care for female inmates in the the State's custody, and to prevent assaults and batteries against female inmates in the State's custody, including Ms. Mueller.

49. As a result of Defendants' foregoing acts, conduct and/or omissions, Ms. Mueller was detained in an unsafe environment and was sexually assaulted by Defendant Carabbacan.

50. Defendants Sequeira and Espinda are not protected by qualified immunity and are liable to Ms. Mueller because these Defendants acted with malice and/or for an improper purpose. In addition, Defendants endorsed or allowed a pattern or practice of conduct that created an unreasonably dangerous condition at the First Circuit courthouse and DPS which resulted in the deprivation of Ms. Mueller's right to a reasonabley safe condition of confinement.

51. As a result thereof, Ms. Mueller has been damaged in amounts to be shown at trial, and Defendants are liable to Ms. Mueller for all the remedies available under the law including reasonable attorneys' fees and costs, interest, equitable relief, and additional relief as this Court deems just and fair.

52. In unlawfully acting against Ms. Mueller, Defendants acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Ms. Mueller's equal rights under law, thereby necessitating the imposition of punitive and/or liquidated or exemplary damages against Defendants.

### FOURTH CLAIM FOR RELIEF
### (Intentional and Negligent Infliction of Emotional Distress)

53. Plaintiff incorporates by reference the paragraphs above.

54. Defendants' acts, omissions, and/or conduct alleged above were extreme, deliberate, wanton, wilful, reckless, intentional, and unreasonable.

55. By reason of the above acts, omissions, and/or conduct alleged above, Defendants intentionally inflicted emotional distress on Ms. Mueller.

56. Under the State and Federal Constitutions, the State of Hawai'i has an obligation to protect and honor the constitutional and other legal rights of individuals in custodial detention within its detention/prison facilities. This obligation extends to ensuring that constitutionally adequate mental health care/treatment is not only provided to Detainees, but also that the State maintains responsible, accountable oversight and monitoring of mental health services that are provided within the Hawai'i custodial detention system, including OCCC.

57. As a result thereof, Ms. Mueller has been damaged in amounts to be shown at trial, and Defendants are liable to Ms. Mueller for all the remedies available under the law including reasonable attorneys' fees and costs, interest, equitable relief, and additional relief as this Court deems just and fair.

## FIFTH CLAIM FOR RELIEF
### (Assault and Battery as to Defendant Carabbacan)

58. Plaintiff incorporates by reference the paragraphs above.

59. While in the custody of the State, Ms. Mueller was sexually assaulted and physically violated by Defendant Carabbacan in July 2014.

60. In sexually assaulting Ms. Mueller, Defendant Carabbacan knowingly, intentionally, wilfully, wantonly, and deliberately caused Ms. Mueller harmful and offensive contact while Ms. Mueller was detained at the First Circuit courthouse and in the custody of the State. Defendant Carabbacan contacted, sexually assaulted, and battered Ms. Mueller, without Ms. Mueller's permission.

13

61.   Defendant Carabbacan's actions, as described above, constitute civil assault and battery upon Ms. Mueller.

62.   As a result thereof, Ms. Mueller has been damaged in amounts to be shown at trial, and Defendant Carabbacan is liable to Ms. Mueller for all the remedies available under the law including reasonable attorneys' fees and costs, interest, equitable relief, and additional relief as this Court deems just and fair.

63.   In unlawfully acting against Ms. Mueller, Defendant Carabbacan acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Ms. Mueller's equal rights under law, thereby necessitating the imposition of punitive and/or liquidated or exemplary damages against Defendant Carabbacan.

## PRAYER FOR DAMAGES

WHEREFORE, Ms. Mueller prays for a jury trial and judgment against the Defendants as follows:

A.   For general and/or compensatory damages in an amount to be shown at trial;

B.   For special damages in an amount to be shown at trial;

C.   For punitive and/or liquidated or exemplary damages against Defendants, in an amount to be determined at trial;

D.   For attorneys' fees and costs, pre-judgment interest, and for such other and further relief, legal and equitable, provided under the aforementioned

State and Federal statutes, and as the Court deems just and necessary under the circumstances; and

    E.    For equitable relief as provided for under law.

DATED: Honolulu, Hawaiʻi, _10-30-17_.

_____
MARGERY S. BRONSTER
ANTHONY "T.J." QUAN
MELINDA WEAVER

Attorneys for Plaintiff
ELIZABETH A. MUELLER

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY; FREDDIE CARABBACAN, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawai'i; FRANCIS SEQUEIRA, in his individual capacity and official capacity as Warden of the Oahu Community Correctional Center, Department of Public Safety, State of Hawai'i; NOLAN ESPINDA in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawai'i; DOE DEFENDANTS 1-10,<br><br>　　　　　　Defendants. | CIVIL No. 17-1-1764-10　　DEO.<br>(Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

### **DEMAND FOR JURY TRIAL**

　　Plaintiff ELIZABETH A. MUELLER is entitled to and hereby requests a trial by jury.

　　DATED: Honolulu, Hawai'i, _10-30-17_.

　　　　　　　　　　　　　　　　_/s/_
　　　　　　　　　　　　　　　　MARGERY S. BRONSTER
　　　　　　　　　　　　　　　　ANTHONY "T.J." QUAN
　　　　　　　　　　　　　　　　MELINDA WEAVER

　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　ELIZABETH A. MUELLER

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY; FREDDIE CARABBACAN, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawai'i; FRANCIS SEQUEIRA, in his individual capacity and official capacity as Warden of the Oahu Community Correctional Center, Department of Public Safety, State of Hawai'i; NOLAN ESPINDA in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawai'i; DOE DEFENDANTS 1-10,<br><br>  Defendants. | CIVIL No. 17-1-1764-10   DEO<br>(Other Civil Action)<br><br>SUMMONS |

## **SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to file with the court and serve upon Bronster Fujichaku Robbins, Plaintiff's attorneys, whose address is 1003 Bishop Street, Suite 2300, Honolulu, Hawai'i 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between the hours of 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai'i, _____OCT 3 0 2017_____.

J. KUBO

[SEAL — FIRST CIRCUIT COURT, STATE OF HAWAII]

_____
CLERK OF THE ABOVE-ENTITLED COURT

2