IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY; FREDDIE CARABBACAN, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawaii; NOLAN ESPINDA, in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawaii; DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIVIL NO. 17-00571 HG-WRP |

**ORDER OVERRULING DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S OBJECTIONS (ECF No. 209)**

**AND**

**AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019 (ECF No. 203)**

Plaintiff filed a Complaint alleging she was sexually assaulted by Defendant Deputy Sheriff Freddie Carabbacan while she was a prisoner in custody of the State of Hawaii, Department of Public Safety.  Plaintiff was transported from Oahu Community

1

Correctional Center to a hearing before a State Court Judge at the Circuit Court of the First Circuit, State of Hawaii. Plaintiff claims that she was assaulted by Defendant Deputy Sheriff Carabbacan when he performed a "strip search" when she was in the First Circuit cellblock following the hearing.

On May 1, 2019, Plaintiff served Defendants State of Hawaii, Department of Public Safety and Nolan Espinda with Plaintiff's Second Requests for Production of Documents.

Plaintiff sought the production of documents relating to the policies of the Department of Public Safety's assignment of personnel and transportation of inmates, including:

(1) The Department of Public Safety Corrections Administration Policy and Procedures No. COR.08.13 dated July 1, 2010, regarding Duty Assignment for Corrections Officers; and,

(2) The Department of Public Safety Corrections Administration Policy and Procedures No. COR.08.01, Court Appearance and Transport of Inmates.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not produce the documents and claimed they were privileged and not relevant. Defendants State of Hawaii, Department of Public Safety and Nolan Espinda also claimed the second document was confidential.

Plaintiff attempted to schedule a meet and confer with Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's counsel, but their lead counsel stated that she was unavailable prior to the deadline for filing discovery motions.

On August 15, 2019, Plaintiff filed a Motion to Compel Discovery, seeking the two documents.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not file any Opposition to Plaintiff's Motion to Compel.

On September 23, 2019, the Magistrate Judge issued an ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY. The Court ordered Defendants State of Hawaii, Department of Public Safety and Nolan Espinda to produce the two documents by October 4, 2019. The Magistrate Judge also directed Plaintiff to a file a Supplemental Declaration as to whether she was entitled to an award of reasonable expenses for filing the Motion to Compel Discovery.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda failed to comply with the Magistrate Judge's Order.

On October 8, 2019, Plaintiff's counsel inquired with opposing counsel about the documents at issue and attempted to resolve the matter. Opposing counsel stated that she was not aware of the Court's September 23, 2019 Order and continued to ignore the Court's Order requiring disclosure of the documents.

On October 11, 2019, Plaintiff filed a Motion for Sanctions for Failure to Comply with the Court's Order and a Request for Attorneys' Fees.

Defendants State of Hawaii, Department of Public Safety and

Nolan Espinda opposed the Motion for Sanctions.

On October 18, 2019, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda produced the two documents, more than two weeks after the deadline imposed by the Magistrate Judge and a week after Plaintiff filed her Motion for Sanctions.

On November 26, 2019, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 203).

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda filed an Objection to the Magistrate Judge's November 26, 2019 Order.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's Objection (ECF No. 209) is **OVERRULED.**

The Magistrate Judge's November 26, 2019 Order (ECF No. 203) is **AFFIRMED.**

## PROCEDURAL HISTORY

On August 15, 2019, Plaintiff filed PLAINTIFF'S MOTION TO COMPEL DISCOVERY. (ECF No. 102).

On August 19, 2019, the Magistrate Judge set the briefing

schedule for Plaintiff's Motion to Compel Discovery. (ECF No. 103).

On August 20, 2019, Plaintiff filed a Declaration in Support of her Motion to Compel Discovery. (ECF No. 104).

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not file an Opposition to Plaintiff's Motion to Compel Discovery.

On September 23, 2019, the Magistrate Judge issued an ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY. (ECF No. 142).

The Magistrate Judge ordered Defendants to produce the two documents subject to the Motion to Compel no later than October 4, 2019. (Id.)

The Magistrate Judge also directed Plaintiff to file a supplemental declaration whether she was entitled to an award of reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) no later than October 11, 2019. (Id.)

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not comply with the Court's September 23, 2019 Order.

On October 11, 2019, Plaintiff filed PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 170).

On the same date, Plaintiff filed SUPPLEMENTAL DECLARATIONS OF LANSON K. KUPAU AND MATTHEW J. TERRY IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF ELIZABETH A. MUELLER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY. (ECF No. 171).

On October 18, 2019, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda filed DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COUNSEL SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR REQUEST FOR ATTORNEYS FEES PURSUANT TO ORDER GRANTING PLAINTIFF ELIZABETH A. MUELLER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM STATE DEFENDANTS', FILED AUGUST 15, 2019. (ECF No. 177).

On October 22, 2019, Plaintiff filed her Reply. (ECF No. 179).

On October 25, 2019, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda filed DEFENDANTS STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 181).

On November 8, 2019, Plaintiff filed PLAINTIFF'S REPLY IN

SUPPORT OF MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 194).

On November 26, 2019, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 203).

On December 6, 2019, Plaintiff filed SUPPLEMENTAL DECLARATION OF LANSON K. KUPAU AND MATTHEW J. TERRY IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF ELIZABETH A. MUELLER'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019. (ECF No. 204).

On December 10, 2019, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda filed DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S OBJECTIONS TO ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY

FILED ON SEPTEMBER 23, 2019.  (ECF No. 209).

On December 23, 2019, Plaintiff filed PLAINTIFF'S RESPONSE TO DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S OBJECTIONS.  (ECF No. 216).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter.  District of Hawaii Local Rule 74.1(a).

A district court may only set aside a magistrate judge's order on appeal if it finds the order to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

The clearly erroneous standard is "significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'"  Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (quoting Cohen v. U.S. Dist. Court for N. Dist. of Cal., 586 F.3d 703, 708 (9th Cir. 2009)).

The clearly erroneous standard applies only to the magistrate judge's findings of fact while the legal conclusions

8

are reviewed de novo.  United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984).

## ANALYSIS

I.  **Federal Rule Of Civil Procedure 37(a)(5)(A)(i)**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(i), a court must not award attorneys' fees unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(5)(A)(i).

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda argue in their objections that the Magistrate Judge erred in finding that Plaintiff attempted to obtain the discovery in good faith before filing their Motion to Compel.

In this case, Plaintiff acted in good faith and requested to meet and confer with opposing counsel on August 13, 2019, before the deadline for filing a Motion to Compel by August 15, 2019.

Counsel for Defendants State of Hawaii, Department of Public Safety and Nolan Espinda responded to Plaintiff's request by stating she was in trial and was unable to meet before the deadline for Plaintiff to file her Motion.  Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's counsel did not make any effort to have any other Deputy Attorney General meet and confer with Plaintiff before the deadline.

Plaintiff attempted to meet and confer in good faith but the

9

Parties were unable to meet. There is no evidence that Defendants would have agreed to disclose the documents even if the Parties had been able to meet and confer in person. Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not provide the discovery pursuant to the Magistrate Judge's Order granting Plaintiff's request. It was not until Plaintiff was forced to file a Motion for Sanctions that Defendants eventually produced the discovery on October 18, 2019.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not file any objection to the Motion to Compel and ignored the Magistrate Judge's order requiring them to disclose the documents by October 4, 2019.

The Magistrate Judge explained that Plaintiff made a good faith effort to schedule a meet and confer prior to filing her Motion, but Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's counsel prevented the Parties from meeting. (November 26, 2019 Order at pp. 3-5, ECF No. 203).

There was no clear error in the Magistrate Judge's determination that Plaintiff made a good faith effort to obtain the discovery before filing her Motion to Compel.

## II. Relevance

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda argue that the two documents that they declined to

timely produce are irrelevant.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda never made a timely objection to Plaintiff's Motion to Compel Discovery and raise these arguments for the first time months after the Magistrate Judge issued his September 23, 2019 Order, which they ignored until October 18, 2019.

The Magistrate Judge explained that Plaintiff established good cause for the disclosure of the documents, in part, due to Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's lack of opposition. (September 23, 2019 Order at p. 2, ECF No. 142).

Relevance is construed liberally and encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

The documents at issue are relevant to Plaintiff's claims of negligence against the Department of Public Safety, including whether the Department of Public Safety had a policy regarding its staffing of male employees to perform searches or to transport female inmates such as Plaintiff.

There was no clear error in the Magistrate Judge's determination that the documents Plaintiff requested were relevant.

**III. Amount of Fees**

    **A.    Reasonable Prevailing Rates**

The Magistrate Judge awarded Plaintiff's reasonable expenses in the amount of $4,217.28.

In their Objections, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda argue that the reasonable hourly rates as found by the Magistrate Judge are "excessively high." Defendants State of Hawaii, Department of Public Safety and Nolan Espinda provide no evidence for their position. Defendants cite to one case that was issued nearly eight years ago and ask for the Court to award the rates provided in the eight-year-old decision. Defendants' argument that the Court should apply market rates from eight years ago rather than the current market rates in the community is not persuasive.

The Magistrate Judge did not commit clear error in reviewing the affidavits submitted by counsel and the evidence regarding prevailing rates in the community in awarding reasonable attorneys' fees.

    **B.    Reasonable Hours Expended**

Plaintiff's argument regarding the hours expended simply repeats the same objections that were raised before the Magistrate Judge.

The Magistrate Judge properly reduced the hours expended by

Attorney Bronster by one-half given the block-billed time for her review of the Motion to Compel and the Motion for Summary Judgment.

The Magistrate Judge did not clearly err in finding that the remaining 16.6 hours billed among the multiple attorneys and the paralegal were reasonable given the 73-page filing and the overall complexity of the motion.

**IV. Motion For Sanctions**

It is undisputed that Defendants State of Hawaii, Department of Public Safety and Nolan Espinda did not timely comply with the Magistrate Judge's September 23, 2019 Order and that they failed to produce the documents before October 4, 2019, as ordered by the Magistrate Judge.

Instead, Defendants State of Hawaii, Department of Public Safety and Nolan Espinda repeat their arguments about the relevancy of the documents, which are unpersuasive.

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda also argue that Plaintiff did not meet and confer with them before filing their October 11, 2019 Motion for Sanctions.

Defendants' counsel claims she did not know about the Magistrate Judge's September 23, 2019 Order until Plaintiff's counsel informed her of the Order at a meeting on October 8,

13

2019.  Defendants' counsel does not explain how she never learned of the September 23, 2019 Order earlier, as she received service of process through CM-ECF and the Order was also published on the Docket on September 23, 2019.  She provides no explanation for her failure to either receive notification of the Order or review the Docket before October 8, 2019.

In any event, the Magistrate Judge properly found that the Parties engaged in a meet and confer on October 8, 2019, as it is undisputed that Plaintiff informed Defendants's counsel about the Court's Order and discussed the documents required to be produced pursuant to the September 23, 2019 Order.  The following day, October 9, 2019, Plaintiff's counsel provided Defendants' counsel with a copy of the Order and inquired about the documents again.  Defendants continued to fail to produce the documents.  Two days later, on October 11, 2019, Plaintiff filed her Motion to Compel.

There was no clear error by the Magistrate Judge in finding Plaintiff engaged in a good faith effort to limit the Court's involvement in the discovery dispute when Plaintiff informed Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's counsel on multiple occasions of the Court's September 23, 2019 Order.  Plaintiff also informed Defendants' counsel of her requirements to comply with the Court's September 23, 2019 Order, yet Defendants continued to ignore both the Plaintiff and the Court's Order until Plaintiff filed a Motion for Sanctions.

14

**CONCLUSION**

Defendants State of Hawaii, Department of Public Safety and Nolan Espinda's Objection (ECF No. 209) is **OVERRULED**.

The Magistrate Judge's November 26, 2019 Order (ECF No. 203) is **AFFIRMED**.

The Court orders Defendants State of Hawaii, Department of Public Safety and Nolan Espinda to pay $4,217.28 to Plaintiff no later than Friday, February 21, 2020.

IT IS SO ORDERED.

DATED: February 4, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Elizabeth A. Mueller v. State of Hawaii, Department of Public Safety; Freddie Carabbacan, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawaii; Nolan Espinda, in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawaii; Doe Defendants 1-10, Civ. No. 17-00571 HG-WRP; **ORDER OVERRULING DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S OBJECTIONS (ECF No. 209) AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY FILED ON SEPTEMBER 23, 2019 (ECF No. 203)**