IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>      Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY; FREDDIE CARABBACAN, in his individual and official capacity as Deputy Sheriff; NOLAN ESPINDA, in his individual capacity and official capacity as Director of the Department of Public Safety; DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIV. NO. 17-00571 HG-WRP |

**ORDER CLARIFYING THE COURT'S ORDER OF MARCH 18, 2020 (ECF No. 236) IN RESPONSE TO DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S MOTION FOR SUMMARY JUDGMENT ENTERED ON MARCH 18, 2020 (ECF No. 242)**

Plaintiff Elizabeth Mueller filed a Complaint against:

(1) Defendant State of Hawaii, Department of Public Safety;

(2) Freddie Carabbacan, in both his individual and official capacity as Deputy Sheriff; and,

(3) Nolan Espinda, in both his individual and official capacity as Director of the Department of Public Safety.

The Complaint arises out of an alleged sexual assault that occurred while Plaintiff was in the custody of the Department of Public Safety.

On March 18, 2020, the Court issued an Order on the Parties'

Motions for Summary Judgment.  (ORDER GRANTING, IN PART, AND
DENYING, IN PART, DEFENDANTS STATE OF HAWAII, DEPARTMENT OF
PUBLIC SAFETY AND NOLAN ESPINDA'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH
RESPECT TO THE STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY'S
LIABILITY FOR THE ACTIONS OF DEFENDANT FREDDIE CARABBACAN, IN HIS
OFFICIAL CAPACITY, ECF No. 236).

On April 1, 2020, Defendant State of Hawaii, Department of
Public Safety and Defendant Nolan Espinda filed a Motion for
Partial Reconsideration.  (ECF No. 242).  Defendants seek
clarification as to the Court's ruling as to Plaintiff's Section
1983 claims against the remaining Defendants State of Hawaii,
Department of Public Safety, Freddie Carabbacan, and Nolan
Espinda.

The Court seeks to clarify the Order of March 18, 2020, in
light of the questions raised in the Defendants' April 1, 2020
MOTION FOR PARTIAL RECONSIDERATION (ECF No. 242).

I. **The Court Clarifies The Distinction Between The Qualified Immunity Claims Raised By The Defendant State Of Hawaii, Department Of Public Safety And Defendant Nolan Espinda, In His Official Capacity, And The Section 1983 Claims Against The Defendants**

The following claims remain in Plaintiff's Count I:

**Count I**: Cruel and Unusual Punishment in Violation of the Eighth Amendment to the United States Constitution Pursuant to 42 U.S.C. § 1983 **Against Defendant Freddie Carabbacan, in his individual capacity, and Nolan Espinda, in his individual capacity.**

Defendants are correct that a State is not a "person" within

2

the meaning of Section 1983 and cannot be sued pursuant to Section 1983.  Will v. Mich. Dept. Of State Police, 491 U.S. 58, 64 (1989).  The State is also correct that Defendant Espinda in his official capacity does not constitute a "person" within the meaning of Section 1983 because a suit against the official capacity office is akin to a suit against the State itself.  Id. at 71.

## II. Waiver Of Sovereign Immunity

The Court's March 18, 2020 Order addressed a separate argument made by Defendant State of Hawaii, Department of Public Safety and Defendant Nolan Espinda, in his official capacity, in their Motion for Summary Judgment.  The Court rejected the State's argument.  The March 18, 2020 Order explained that a State Defendant waives sovereign immunity when it removes a case to federal court.  This is a separate, different argument from whether the federal statute, 42 U.S.C. § 1983, actually applies to a named defendant.

The March 18, 2020 Order cited to Walden v. Nevada, 945 F.3d 1088, 1095 (9th Cir. 2019).  The rule in Walden is clear.  "A State defendant that removes a case to federal court waives its immunity from suit on all federal-law claims brought by the plaintiff."  Walden, 945 F.3d at 1095.

The March 18, 2020 Order explained to Defendants State of Hawaii, Department of Public Safety and Defendant Nolan Espinda, in his official capacity, that their Motion for Summary Judgment

on the basis of sovereign immunity must fail.  The State and Espinda relied on outdated caselaw for their argument that States may only be sued where Congress has abrogated the sovereign immunity of the States pursuant to the Fourteenth Amendment to the United States Constitution.  (Def.'s Motion at p. 17, ECF No. 198-1).

The Court's March 18, 2020 Order cited to <u>Walden</u> because no Party had cited or discussed the case.  The State Defendants were apparently not aware of the precedential decision from the Ninth Circuit Court of Appeals.  The Court included the decision in order to inform the State Defendants that their Motion based on abrogation of sovereign immunity was not properly asserted and ignored their own waiver of sovereign immunity by removing the case to federal court.  The Court directed the State Defendants to <u>Walden</u> to prevent the State from repeating the argument in further proceedings.

### III. <u>Section 1983 Claims</u>

The argument that Plaintiff cannot bring Section 1983 claims against the State or against Nolan Espinda in his official capacity because they are not "persons" within the meaning of the statute is a separate argument.  The Court did not believe it necessary to address this argument in its March 18, 2020 Order because it is clear law.

The Court points out that this is a separate argument from sovereign immunity.  A State Defendant can consent to suit in

4

federal court based on removal.  The ability to sue "persons" within the definition of Section 1983 is a different question. The question is sometimes intertwined with "sovereign immunity" in the caselaw, but these are separate legal arguments and should be made as such.

Here, the Section 1983 claims remain against Defendant Freddie Carabbacan, in his individual capacity, and against Defendant Nolan Espinda, in his individual capacity.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

5

## CONCLUSION

The Court clarifies that Plaintiff's Section 1983 claim remains against **Defendant Freddie Carabbacan, in his individual capacity, and Nolan Espinda, in his individual capacity**.

To the extent that any question exists as to any Section 1983 claims against the Defendant State of Hawaii, Department of Public Safety, and against Defendant Nolan Espinda, in his official capacity, they are **DISMISSED** on the basis that those Parties are not "persons" within the meaning of Section 1983.

IT IS SO ORDERED.

DATED:, April 14, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Elizabeth A. Mueller v. State of Hawaii, Department of Public Safety; Freddie Carabbacan, in his individual capacity and official capacity as Deputy Sheriff, Department of Public Safety, State of Hawaii; Nolan Espinda, in his individual capacity and official capacity as Director of the Department of Public Safety, State of Hawaii; Doe Defendants 1-10, Civ. No. 17-00571 HG-WRP; **ORDER CLARIFYING THE COURT'S ORDER OF MARCH 18, 2020 (ECF No. 236) IN RESPONSE TO DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S MOTION FOR SUMMARY JUDGMENT ENTERED ON MARCH 18, 2020 (ECF No. 242)**