IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. MUELLER,<br><br>            Plaintiff,<br><br>      vs.<br><br>STATE OF HAWAII DEPARTMENT OF<br>PUBLIC SAFETY; FREDDIE<br>CARABBACAN; NOLAN ESPINDA,<br><br>            Defendants. | CIVIL NO. 17-00571 HG-WRP |

**ORDER LIMITING THE TESTIMONY OF THE TREATING PHYSICIAN WITNESS**

Defendants Department of Public Safety and Nolan Espinda seek to call two doctors who examined Plaintiff Mueller in their case-in-chief.  Specifically, Defendants seek to call:

(1) Nicole Dela Sierra, Psy.D.  (Defs.' Witness List at p. 5, ECF No. 412); and,

(2) Marvin W. Acklin, Ph.D. (Id. at p. 6).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(a) sets out litigants' obligations regarding expert witness disclosures.

Rule 26(a)(2) **Disclosure of Expert Testimony (A)** provides that,

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

1

Rule 26(a)(2)(B) **Witnesses Who Must Provide A Written Report** requires witnesses "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" to prepare and sign written reports, which are to be disclosed to the other parties.

Pursuant to Rule 26(a)(2)(C) **Witnesses Who Do Not Provide A Written Report**, as to each expert witness of whom a written report is **not** required, the proffering party must still disclose:

> (i)  the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

A party must make these disclosures at the times and in the sequence that the court orders, but at a minimum 90 days before trial.  Fed. R. Civ. P. 26(a)(2)(D).

## ANALYSIS

This case was filed on October 30, 2017, more than four years ago.  (Compl., attached as Ex. A to Notice of Removal, ECF No. 1-1).

On November 22, 2017, the Complaint was removed to this Court from the Circuit Court for the First Circuit, State of Hawaii.  (ECF No. 1).

There has been extensive discovery, pretrial motions

2

practice, and an evidentiary hearing on the statute of limitations prior to trial.

On June 20, 2019, the Parties' Motions to Continue Trial were granted. (ECF No. 73). Defendants' expert disclosure deadline was set for August 14, 2019. (Id. at p. 3).

Defendants did not file any Rule 26(a) expert disclosures by August 14, 2019.

On September 23, 2019, the Magistrate Judge issued an ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY. (ECF No. 142).

On November 26, 2019, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL DISCOVERY. (ECF No. 203).

On February 4, 2020, the District Court issued an ORDER OVERRULING DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND NOLAN ESPINDA'S OBJECTIONS AND AFFIRMING THE MAGISTRATE JUDGE'S NOVEMBER 26, 2019 ORDER. (ECF No. 223).

The discovery infractions of the Defendants resulted in an order on February 5, 2020 for Defendants to pay $4,510.47 in reasonable expenses in connection with the MOTION FOR SANCTIONS against Defendants for their failure to comply with the Court's Order on the MOTION TO COMPEL. (ECF No. 225).

On February 28, 2020, the Magistrate Judge issued an ORDER

DENYING DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, AND NOLAN ESPINDA'S MOTION FOR RECONSIDERATION OF ORDER AWARDING REASONABLE EXPENSES.  (ECF No. 230).

On June 10, 2020, the Court held a Final Pretrial Conference and ruled on Motions in Limine in preparation for trial.  (ECF No. 312).

On July 14, 2020, the Court held a Further Final Pretrial Conference and the Parties stated that neither side intended to call expert witnesses.  (ECF No. 322 at p. 1).  The Court confirmed that Defendants did not file any reports or disclosures pursuant to Fed. R. Civ. P. 26(a)(2).  (Id.)

The trial date and the evidentiary hearing on the statute of limitations and equitable tolling issues were delayed due to the COVID-19 pandemic and a fire in the courthouse.

On May 6 and 7, 2021, the Court held a two-day evidentiary hearing on the statute of limitations issues and equitable tolling.  (ECF Nos. 378, 379).

On July 20, 2021, the Court issued FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER RE: EVIDENTIARY HEARING ON STATUTE OF LIMITATIONS AND EQUITABLE TOLLING.  (ECF No. 394).

**I.   Dr. Marvin W. Acklin**

On April 15, 2019, Plaintiff filed a Motion to permit Dr. Marvin W. Acklin to examine Plaintiff at the Women's Community Correctional Center, which was granted.  (ECF Nos. 53, 58).

Dr. Acklin was employed by Plaintiff's counsel to conduct an

4

assessment of Plaintiff. Plaintiff's counsel did not pursue having Dr. Acklin as an expert. Dr. Acklin was not listed as a witness for Plaintiff.

Pursuant to the Rule 16 Scheduling Order, Defendants were required to provide either a written expert report or a summary of an examining physician's facts and opinions by August 19, 2019. Defendants' counsel failed to provide either an expert report or a summary disclosure pursuant to Fed. R. Civ. P. 26(a)(2) for Dr. Acklin.

Last month, on October 5, 2021, Defendants named Dr. Acklin as an expert witness on their Witness List. (ECF No. 412).

On October 18, 2021, at the Final Pretrial Conference, the Court inquired about the timing of Defendants' disclosure of Dr. Acklin as an expert witness and ordered a written justification from the Defendants. (ECF No. 442).

On October 21, 2021, five days before jury selection, Defendants filed a Memorandum regarding the admissibility of the testimony of Dr. Acklin. (Defs.' Memo, ECF No. 449). Defendants' memorandum did not address the fact that Defendants did not provide the information required by Fed. R. Civ. P. 26(a)(2)(C).

On October 25, 2021, the day before jury selection, Defendants filed a Memorandum regarding their failure to comply with Rule 26(a)(2)(C). (Defs.' Memo, ECF No. 460). Defendants acknowledged that they failed to comply with the Rule for Dr. Acklin and stated that they chose to "withdraw their request to

5

have Dr. Acklin testify." (Id. at p. 5).

**II.  Dr. Nicole Dela Sierra**

On August 14, 2019, Defendants' Rule 26(a) disclosures were due and Defendants were required to either provide a written expert report or a summary disclosure for any treating physician they intended to call as a witness at trial.  (See ECF No. 73).

Defendants did not provide either a written expert report or a summary disclosure for Dr. Nicole Dela Sierra by August 14, 2019.

At a hearing on July 14, 2020, Defendants' counsel confirmed that they did not file any disclosures pursuant to Fed. R. Civ. P. 26(a).  (July 14, 2020 Hearing Minutes, ECF No. 322). Defendants did not identify Dr. Dela Sierra as a witness at the hearing, but they stated that they were considering calling Plaintiff's treating psychologist as a fact witness.  (Id.)

Dr. Dela Sierra was disclosed as an expert witness on October 5, 2021.  (ECF No. 412).

On October 18, 2021, the Court inquired about Defendants' intent to use Dr. Dela Sierra as an expert at trial, and provided Defendants' counsel with the opportunity to brief the issue. (ECF No. 442).

On October 21, 2021, five days before jury selection, Defendants filed a Memorandum regarding the admissibility of the testimony of Dr. Dela Sierra.  (Defs.' Memo, ECF No. 449). Defendants' memorandum did not address the fact that they ignored

6

the requirements of Fed. R. Civ. P. 26(a)(2)(C).

On October 25, 2021, the day before jury selection, Defendants filed a Memorandum regarding their failure to comply with Rule 26(a)(2)(C).  (Defs.' Memo, ECF No. 460).  Defendants acknowledged that they failed to comply with the Rule for Dr. Dela Sierra but stated that they still intend to call her as a witness at trial and indicated that they wished to have her testify as to her treatment of the Plaintiff.

The full written report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) for a retained expert witness is not required for a treating physician who is testifying as to opinions that they formed during the course of their treatment of a patient, but a treating physician is deemed an "expert" whose testimony is required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(C).  Transoceanic Cable Ship Co. v. Bautista, 17-cv-00209 ACK-KSC, 2018 WL 3521174, *2 (D. Haw. July 20, 2018) (citing Republic of Ecuador v. Mackay, 742 F.3d 860, 865 n.1 (9th Cir. 2014)).

The advisory committee note to the amendment to Fed. R. Civ. P. 26(a)(2)(C) in 2010, explains:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.  Frequent example include physicians or other health care professionals....Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).

Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee Note to 2010 Amendment.

Rule 26(a)(2)(C) requires that Defendants disclose "the

7

subject matter" and "a summary of the facts and opinions" about which the treating physician is expected to testify. Courts in the Ninth Circuit interpret Rule 26(a)(2)(C)'s disclosures as a requirement to fairly inform the other party of the substance and basis of a non-retained expert witness's testimony. Transoceanic, 2018 WL 3521174, *3; Cooke v. Town of Colo. City, 2013 WL 551508, *4 (D. Ariz. Feb. 13, 2013).

Defendants did not comply with Rule 26(a)(2)(C) and did not timely disclose their intent to use Dr. Dela Sierra as a treating physician witness. It is insufficient to merely disclose the names of medical providers and state that they will testify as to a plaintiff's medical diagnosis or treatment. The Rules require a summary of the facts and the opinions of a treating physician witness. Robinson v. HD Supply, Inc., 2013 WL 5817555, *2 (E.D. Cal. Oct. 29, 2013).

Dr. Dela Sierra treated Plaintiff while she was incarcerated at the Hawaii Women's Community Correctional Center, but Defendants never timely disclosed a summary of the facts and opinions for which Dr. Dela Sierra is intended to testify. There were voluminous treatment records from Dr. Dela Sierra provided in discovery spanning more than a year of appointments. Without the summary disclosure required by Rule 26(a)(2)(C), Plaintiff, and the Court, are left guessing as to the relevance, probability, and scope of Dr. Dela Sierra's proposed testimony just days before trial.

Courts have summarily rejected the argument that disclosure

8

of treatment records satisfies the obligations pursuant to Rule 26(a)(2)(C).  <u>Jones v. Colo. Cas. Ins. Co.</u>, 2015 WL 6123125, *4 (D. Ariz. Oct. 19, 2015) (collecting cases).  Allowing a party to provide medical records in lieu of the requirements of Rule 26(a)(C) is contrary to the scope, intent, and purpose of the rule.  <u>Ballinger v. Casey's Gen. Store, Inc.</u>, 2012 WL 1099823, *4 (S.D. Ind. Mar. 29, 2012).

Defendants' limited statement at the July 14, 2020 hearing that it may call Plaintiff's treating psychologist plainly does not meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) and was untimely pursuant to the Rule 16 Scheduling Order.

### III. Defendants' Untimely Disclosure Of Dr. Dela Sierra Is Not Substantially Justified Or Harmless

Federal Rule of Civil Procedure 37 operates as the enforcement mechanism for Fed. R. Civ. P. 26(a) and provides the remedies for a party's failure to comply with Rule 26.  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

Rule 37(c) explains that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party may not be allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c).

Defendants were provided with multiple opportunities to

9

brief the issue with respect to the untimely disclosure of Dr. Dela Sierra as a treating physician witness. Defendants never addressed the standard pursuant to Fed. R. Civ. P. 37 that would allow them to call her as a treating physician witness at trial despite their failure to comply with Rule 26(a). The burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless. Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). Defendants have failed to meet their burden.

Defendants' failure to provide a summary of Dr. Dela Sierra's testimony as a witness pursuant to Fed. R. Civ. P. 26(a)(2)(C) was not substantially justified. Defendants have provided no justification for their failure to comply with the Rules. It very well may be that Defendants' counsel did not understand the requirements of the Federal Rules of Civil Procedure.

The late disclosure concerning the testimony of Dr. Dela Sierra, less than five days before trial, is extremely prejudicial to the Plaintiff and cannot be remedied by Defendants at this late stage in the proceedings. This case is nearly four years old, and it covers events taking place three years before the filing of the Complaint. Defendants have provided no explanation, reason, or analysis that would permit the testimony of Dr. Dela Sierra as a treating physician in violation of the Federal Rules of Civil Procedure.

**IV. Dr. Dela Sierra's Testimony Is Limited To That Of A Lay Fact Witness**

Dr. Dela Sierra is limited to providing testimony as a lay fact witness. She is barred from providing testimony grounded in her medical expertise or treatment of Plaintiff. Her testimony shall be limited to the timing and frequency of any visits with Plaintiff and what she perceived and did during the visits, however, she cannot provide any testimony that was part of her assessment or treatment of the Plaintiff. She cannot testify about any matters that would require specialized knowledge, training, or skill. Titus v. Golden Rule Ins. Co., 2014 WL 11515698, *2 (D. Ariz. Apr. 4, 2014). She cannot testify beyond what any lay witness would be able to describe. Id. She may not testify about any opinions formed, any particular treatments that were undertaken, or any information provided to her that would require her to offer any fact or opinion based on her specialized knowledge or skill. Fed. R. Evid. 701; Transoceanic, 2018 WL 3521174 at *6.

**CONCLUSION**

Defendants have failed to comply with Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C) that would permit them to call Dr. Nicole Dela Sierra and Dr. Marin W. Acklin as treating physician witnesses.

Defendants withdrew their request to have Dr. Acklin testify.

Dr. Dela Sierra's testimony shall be limited to that of a lay fact witness.  Her testimony may not be based on any fact or opinion based on her specialized knowledge or skill or on her treatment or assessment of Plaintiff Mueller.

DATED:  Honolulu, Hawaii, November 4, 2021.

IT IS SO ORDERED.



Helen Gillmor
United States District Judge

Elizabeth A. Mueller v. State of Hawaii, Department of Public Safety; Freddie Carabbacan, Nolan Espinda; Civ. No. 17-00571 HG-WRP; **ORDER LIMITING THE TESTIMONY OF THE TREATING PHYSICIAN WITNESS**