IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. MUELLER,                    )<br>                                          )<br>            Plaintiff,                   )<br>                                          )<br>      vs.                                )<br>                                          )<br> STATE OF HAWAII DEPARTMENT OF            )<br> PUBLIC SAFETY; FREDDIE                   )<br> CARABBACAN; NOLAN ESPINDA,               )<br>                                          )<br>            Defendants.                  )<br>                                          ) | CIVIL NO. 17-00571 HG-WRP |

**ORDER DENYING DEFENDANT STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY'S MOTION FOR A STAY PENDING APPEAL AND REQUEST FOR EXEMPTION FROM REQUIREMENT TO PAY SUPERSEDEAS BOND (ECF No. 517)**

On November 12, 2021, following a seven-day trial, the jury returned a verdict in favor of Plaintiff Elizabeth Mueller against Defendant State of Hawaii Department of Public Safety and Defendant Freddie Carabbacan.[1]

The jury awarded damages against Defendant State of Hawaii Department of Public Safety in the amount of $5,000,000. The jury awarded damages against Defendant Freddie Carabbacan in the amount of $2,050,000.

On November 15, 2021, Judgment was entered. (ECF No. 510).

On December 13, 2021, Defendant State of Hawaii Department of Public Safety filed a Motion for a New Trial Under Rule 59(a) and/or Remittitur and Relief Under Rule 59(e). (ECF No. 514).

On December 14, 2021, Defendant State of Hawaii Department

---

[1]The jury returned a verdict in favor of Defendant Nolan Espinda for the claims Plaintiff brought against him.

1

of Public Safety filed a Motion entitled, "MOTION RE: SUPERSEDEAS BOND AND FOR STAY PENDING APPEAL."  (ECF No. 517).

On January 14, 2022, Plaintiff filed her Opposition to Defendant's Motion RE: Supersedeas Bond.  (ECF No. 533).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(a) provides that, absent a court order to the contrary, execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry.

The losing party may otherwise obtain a stay of the execution of the judgment by providing a bond or other security as approved by the District Court.  Fed. R. Civ. P. 62(b).  The stay takes effect when the Court approves the bond or other security and remains in effect for the time specified in the bond or security.  Id.

Rule 62 was amended in 2018.  Under the new rule, a stay upon filing a notice of appeal is not automatic.  A party is entitled to a stay of the judgment as a matter of right upon posting a bond or security.  Mohr v. MLB Sub I, LLC, Civ. No. 16-00493 ACK-WRP, 2020 WL 3803847, *2 (D. Haw. July 7, 2020).  The amendment also provides that the Court may allow a party seeking a stay to post security in a form other than a bond.  Fed. R. Civ. P. 62(b) Advisory Committee Note to 2018 Amendments; Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc., Civ.

2

No. 17-00435 SOM-RT, 2020 WL 3013105, *1-*2 (D. Haw. June 4, 2020).

The purpose of the bond or security is to protect the prevailing party from the risk of a later uncollectible judgment and to compensate the party for delay in enforcement of the judgment.  NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).

District Courts have inherent discretionary authority in requiring and setting the amount of supersedeas bonds.  Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).  The default rule is that the losing party seeking to appeal must provide a full supersedeas bond covering the entire amount of the judgment.  Paeste v. Gov't of Guam, 2014 WL 12725108, *3 (D. Guam May 28, 2014).  Courts frequently require a supersedeas bond for the amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay.  11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed.).

## **ANALYSIS**

A party may seek a stay of execution of judgment as a matter of right by posting a supersedeas bond.  Fed. R. Civ. P. 62(b).  Defendant State of Hawaii seeks a stay of execution of the Judgment against it without posting a supersedeas bond based on two arguments.

First, the State argues that it is not required to post a bond pursuant to Federal Rule of Civil Procedure 62(f).

Second, the State argues that even if Rule 62(f) does not

relieve the State from posting a bond, the Court should exercise its discretion and waive the requirement to post bond or security.

**I.   Fed. R. Civ. P. 62(f)**

Federal Rule of Civil Procedure 62(f) provides:

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

The Defendant State of Hawaii argues that it is not required to post a bond in this case based on Rule 62(f).  The Defendant State of Hawaii's reliance on Rule 62(f) is misplaced.  The Judgment in this case is not a lien on the State's real property under Hawaii law.

### A.   The Judgment Is Not An Automatic Lien Against Real Property Under Hawaii State Law

Federal Rule of Civil Procedure 62(f) provides for a stay of execution only when the judgment results in an automatic lien on the real property of the losing party.

Here, the Judgment in favor of Plaintiff Mueller must constitute an automatic lien on the real property of the State of Hawaii in order for the State to be exempt from posting a supersedeas bond.  Moore's Fed. Prac. § 62.05 (3d ed.).

The Judgment in this case does not constitute an automatic lien upon the real property of the State of Hawaii.

4

Similar to California law, a judgment may become a lien on the real property of a judgment debtor in Hawaii, but only after the creditor records the judgment in the Bureau of Conveyances. Aldasoro v. Kennerson, 915 F.Supp. 188, 190-91 (S.D. Cal. 1995) (explaining that the California state law's requirements to file the judgment and abstract in the real property records in the county in which the real property is located does not meet Rule 62(f)'s exemption requirements).

Pursuant to Hawaii state law:

> Any money judgment, order, or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances.

Haw. Rev. Stat. § 636-3.

The Hawaii state law requirement to file the judgment with the Bureau of Conveyances in order to obtain the lien means that a judgment is not an automatic lien on the real property of the debtor. Hawaii state law's statutory procedures require additional steps for a judgment to become a lien against real property and do not meet the exemption requirements of Fed. R. Civ. P. 62(f). See Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc., 40 F.Supp.2d 1141, 1143 n.2 (C.D. Cal. 1999) (finding California law filing requirement does not meet criteria for exemption pursuant to Fed. R. Civ. P. 62(f)).

There is no evidence provided by the Defendant State of Hawaii to support its position that the filing with the Hawaii

5

Bureau of Conveyances is merely a ministerial act to transform a judgment into a lien. See Rodriguez-Vazquez v. Lopez-Martinez, 345 F.3d 13, 14 (1st Cir. 2003). Hawaii has two land recording systems including Land Court and its Torrens system. See Wells Fargo Bank, N.A. v. Omiya, 420 P.3d 370, 377-78 (Haw. 2018). The State has not addressed any additional mechanisms or procedures that may be required for a party seeking to encumber property registered in Land Court. See Haw. Rev. Stat. § 501-82(a)(9).

### B. Hawaii Law Does Not Allow For Liens Against Real Property Of The State Of Hawaii

Even if the entry of judgment constituted an automatic lien on the judgment debtor's real property under Hawaii law, Fed. R. Civ. P. 62(f) is inapplicable in this case because Hawaii state law provides that a judgment against the State cannot attach to the real property of the State of Hawaii. Haw. Rev. Stat. § 651-2. There is no legal mechanism for Plaintiff to obtain a lien against the real property of the Defendant State of Hawaii Department of Public Safety. Id.

A judgment lien is defined pursuant to Hawaii law as a lien binding the real estate of a judgment debtor which gives the holder of the judgment a right to levy on the debtor's real property for the satisfaction of the judgment. Matter of 2003 & 2007 Ala Wai Blvd. v. City and Cnty. of Honolulu, 944 P.2d 1341, 1353 (Haw. App. 1997), (overruled on other grounds in Knauer v. Foote, 63 P.3d 389, 393 (Haw. 2003)).

Section 651-2 of the Hawaii Revised Statutes explains that a judgment lien cannot be attached to the real property of the State of Hawaii.  Hawaii Revised Statues § 651-2, provides that "no writ of attachment shall be issued against the State, or any political municipal corporation, or subdivision thereof."  There can be no lien against the real property of the State of Hawaii for which Plaintiff can seek satisfaction of the Judgment in this case.

Fed. R. Civ. P. 62(f) is inapplicable here because there can be no lien against the real property of the State of Hawaii.  Rule 62(f) does not provide the Defendant State of Hawaii with a method to avoid posting a supersedeas bond to stay execution of the judgment.

## II.   State's Request To Waive Bond Requirement

A losing party has the right to a stay of the execution of the judgment by paying a supersedeas bond, but an unsecured stay is reserved for unusual circumstances as determined in the court's discretion.  <u>Bolt v. Merrimack Pharms., Inc.</u>, 2005 WL 2298423, *2 (E.D. Cal. Sept. 20, 2005).  A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing a sufficient basis for such a departure from the norm.  <u>Lewis v. Cnty. of San Diego</u>, 2018 WL 1071704, *2 (S.D. Cal. Feb. 27, 2018).

Courts rely on five factors in evaluating a request to waive the supersedeas bond requirement:

7

> (1) the complexity of the collection process;
>
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
>
> (3) the degree of confidence that the District Court has in the availability of funds to pay the judgment;
>
> (4) whether the losing party's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and,
>
> (5) whether the losing party is in such a precarious financial position that the requirement to post a bond would place other creditors of the losing party in an insecure position.

Guitierrez v. City of Carson, 2013 WL 12241842, *2 (C.D. Cal. Jan. 22, 2013) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

The burden is on the losing party that requests that the Court waive the bond requirement to demonstrate sufficient reasons to depart from the default rule requiring a supersedeas bond. Paeste v. Gov't of Guam, 2014 WL 12725108, *3 (D. Guam May 28, 2014).

**A.   Complexity And Time Required To Collect Judgment**

District Courts in the Ninth Circuit routinely rely on the Dillon test to examine the appropriateness of waiving the supersedeas bond requirement as the factors are more particularized and comprehensive than the Nken stay factors. See Cotton ex rel. McClure v. City of Eureka, 860 F.Supp.2d 999, 1028-29 (N.D. Cal. 2012) (citing United States v. Moyer, 2008 WL 3478063, *12 (N.D. Cal. Aug. 12, 2008)).

8

The first two Dillon factors relating to the complexity and timing involved in collecting from the State of Hawaii weigh in favor of requiring a bond.

As Plaintiff points out in her Opposition, collection of the Judgment against the State of Hawaii in this case is complex and may cause additional protracted delays in this case.  Payment of the Judgment would require the passage of a legislative appropriations bill during the next legislative session.  Haw. Const. art. VII, § 5; Haw. Rev. Stat. § 37-77; (Opp. at p. 10, ECF No. 533).  There is no evidence that any steps have been taken for payment of the Judgment in this case, or that any funds for fees and costs have been approved and set aside by the State.

The acts for which the Defendant State of Hawaii has been found liable began in July 2014.  Litigation in this case began in October 2017.  The District Court previously ruled that the statute of limitations in this case was equitably tolled based on Defendant State of Hawaii Department of Public Safety's employees' actions in preventing Plaintiff Mueller from timely filing her claim.  (Findings of Fact, Conclusions of Law; ECF No. 394).  Any additional delays following the possible appeal in this case favors requiring the posting of a supersedeas bond.

**B.   Defendant State Of Hawaii's Willingness And Ability To Pay Judgment**

The third, fourth, and fifth Dillon factors relating to the State's willingness and ability to pay the bond also support

9

requiring a supersedeas bond. The State has provided no evidence in support of its claim that it is willing and able to pay the Judgment and that the funds are readily available. The State merely cites to the total tax income it receives without any context of its budgets, appropriations, or the procedural mechanisms required for the Judgment to be paid in this case.

The procedural posture of this case and the sanctionable conduct by the State's counsel during trial support the need for a supersedeas bond to protect Plaintiff's ability to collect. See Paeste v. Gov't of Guam, 2014 WL 12725108, *4 (D. Guam May 28, 2014) (explaining the Defendant Government of Guam's litigation tactics and the case's procedural posture supported the finding that the Government was both unwilling and unable to pay the judgment). The Defendant State of Hawaii has a history of delay and incomplete compliance with Court orders in this case. The State Defendant was admonished numerous times during trial and was monetarily sanctioned for failing to comply with the Magistrate Judge's order compelling discovery. An Order has entered which required the State to pay attorneys' fees. (Court's November 26, 2019 Order re: Sanctions and Attorneys' Fees, ECF No. 203).

Defendant relies heavily on the fact that it is a government entity in support of its request to waive the bond requirement. Numerous courts have required government appellants to post a bond on appeal even where there is evidence of funds available to pay a judgment. See Paeste, 2014 WL 12725108, *5 (ordering the

10

Government of Guam to pay a $2.2 million dollar supersedeas bond); Balla v. Idaho State Bd. of Corr., 2010 WL 3001442, *2 (D. Idaho July 28, 2010) (requiring the State of Idaho to pay a supersedeas bond on appeal in a prison civil rights case); Cotton, 860 F.Supp.2d at 1028-29 (requiring the City to post a supersedeas bond even though the City provided some evidence of the accounts that might be used to pay the judgment).

Here, the Defendant filed no evidence to demonstrate the availability of funds for the State to readily pay the damages, interest, and potential fees and costs in this case.  If there is no issue with the State's ability to pay and it is financially solvent as it contends, it "makes a supersedeas bond little more than a minor inconvenience" and supports requiring the State to post the bond.  Balla, 2010 WL 3001442, at *1 (quoting O'Callaghan v. SPX Corp., 2010 WL 299497, at *2 (E.D. Mich. 2010)).

//
//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant State of Hawaii Department of Public Safety's Motion for a Stay Pending Appeal and Request For Exemption From Requirement To Pay Supersedeas Bond is **DENIED**.

Defendant State of Hawaii Department of Public Safety's Motion for an additional Temporary Administrative Stay of 30 days is **DENIED**.

DATED: Honolulu, Hawaii, March 2, 2022.

IT IS SO ORDERED.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Elizabeth A. Mueller v. State of Hawaii, Department of Public Safety; Freddie Carabbacan; Nolan Espinda; Civ. No. 17-00571 HG-WRP; **ORDER DENYING DEFENDANT STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY'S MOTION FOR A STAY PENDING APPEAL AND REQUEST FOR EXEMPTION FROM REQUIREMENT TO PAY SUPERSEDEAS BOND (ECF No. 517)**