IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELIZABETH A. MUELLER, | ) | CIVIL NO. 17-00571 HG-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| | ) | PART AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR AWARD |
| | ) | OF ATTORNEYS' FEES AND COSTS |
| STATE OF HAWAII, | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY; FREDDIE | ) | |
| CARABBACAN, AND NOLAN | ) | |
| ESPINDA, | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs, filed on January 3, 2022 (Motion). See ECF No. 522. Plaintiff seeks an award of attorneys' fees and costs against Defendant Deputy Sheriff Freddie Carabbacan (Defendant Carabbacan). See id. Defendant Carabbacan did not file an opposition or other response to the Motion. This matter is suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be

1

GRANTED IN PART AND DENIED IN PART as detailed below.

BACKGROUND

Plaintiff generally alleged an illegal strip search and sexual assault by Defendant Carabbacan while she was in the custody of State of Hawaii, Department of Public Safety (DPS). Some of Plaintiff's claims arise from Title 42, United States Code, Section 1983 (Section 1983 claims) against Defendant Nolan Espinda, Director of DPS (Defendant Espinda), in his individual and official capacity, and Defendant Carabbacan, in his individual and official capacity. As the Court and the parties are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the Motion.

The State of Hawaii, Department of the Attorney General (Attorney General) represented Defendants DPS and Defendant Espinda, in his individual and official capacity (collectively, State Defendants). The Attorney General chose not to represent Defendant Carabbacan in either his official or individual capacity.

Plaintiff prevailed and the jury entered a verdict awarding Plaintiff $5,000,000.000 against State Defendants, and $2,050,000.00 against Defendant Carabbacan in his individual capacity. See ECF No. 507 (Special Verdict Form). Judgment was entered on November 15, 2021. See ECF No. 510. The jury did not find for Plaintiff in her Section 1983 claims against Defendant Espinda nor Defendant Carabbacan in his official capacity. Because Plaintiff prevailed on her

2

Section 1983 claim against Defendant Carabbacan in his individual capacity, this application for an award of attorneys' fees and costs followed.  See ECF No. 507.

Defendant DPS has moved for reconsideration of the jury verdict and requested a new trial.  See ECF No. 514.  The Court finds that Defendant DPS' motion for reconsideration and a new trial has no bearing on the present Motion as to Defendant Carabbacan.  Accordingly, the Court finds that Plaintiff is entitled to attorneys' fees and costs against Defendant Carabbacan individually pursuant to Sections 1983 and 1988.  See 42 U.S.C. §§ 1983 and 1988(b).

## DISCUSSION

### I.    Meet and Confer

Under Local Rule 54.2, before filing a motion for attorneys' fees, the parties are required to "meet and confer in a good faith attempt to agree on the amount of fees."  LR 54.2(d).  Local Rule 54.2(e) requires the parties to prepare a joint statement prior to filing the motion that includes "[a] brief description of each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon."  LR 54.2(e).  These requirements are intended to narrow the disputes between the parties as to attorneys' fees.

On November 29, 2021, Plaintiff's counsel contacted Defendant Carabbacan's counsel, Randal N. Harakal, by email providing documents supporting Plaintiff's request for fees and costs and the hourly rates of everyone

that worked on the case.[1]  See ECF No. 521-2 at 1.  Mr. Harakal did not respond. See id.  On December 21, 2021, Plaintiff's counsel emailed Mr. Harakal again, stating that the deadline to submit the joint statement was December 24, 2021, and that if they did not hear back from Mr. Harakal by December 24, 2021, they would proceed with submitting a statement to the Court on the current status of the case. See id. at 2.  Plaintiff's counsel has not received a response to the December 21, 2021 email.  See id.

Based on the review of the communications between counsel provided in Plaintiff's Motion, the Court finds that Plaintiff's counsel made a good faith effort to schedule a meet and confer with Defendant Carabbacan to discuss the document requests.

## II.   Entitlement to Attorneys' Fees

Plaintiff submits she is entitled to attorneys' fees because she prevailed on her Section 1983 claim against Defendant Carabbacan.  See ECF Nos. 507, 522; see also 42 U.S.C. §§ 1983, 1988.  Defendant Carabbacan failed to respond to the application and, thus, did not contest Plaintiff's entitlement to fees.

Section 1988 provides, in pertinent part, "[i]n any action or

---

[1] Mr. Harakal participated in the meet and confer with State Defendants' counsel regarding the Bill of Costs.  See ECF No. 511-1 at 1-2. During that meet and confer, Mr. Harakal stated that he would be filing a notice of appearance with this Court on behalf of Defendant Carabbacan.  See id.  As of the date of this Order, Mr. Harakal has yet to file a notice of appearance.

proceeding to enforce a provision of section [] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).  To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Here, it is undisputed that Plaintiff prevailed on her claim that Defendant Carabbacan deprived Plaintiff to be free from cruel and unusual punishment in violation of the Eighth Amendment.  See ECF No. 507. Accordingly, Plaintiff is the prevailing party and is entitled to recover her reasonable attorneys' fees.

### III.   Reasonable Attorneys' Fees

Courts use the lodestar method for calculating an award of reasonable attorney's fees.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  Id.  Once calculated, the lodestar amount is presumptively reasonable.  See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).  However, in rare and exceptional circumstances, a court may decide to adjust the lodestar figure based on an

evaluation of several factors: the time and labor required; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; time limitations imposed by the client or the circumstances; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 976 F.2d 1536, 1546-49 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

In the Motion, Plaintiff requests the following attorneys' fees:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| *Attorneys* | | | |
| Margery S. Bronster | 90.7 | $600 | $54,420.00 |
| Lanson K. Kupau | 1,047.4 | $350 | $366,590.00 |
| Anthony J. Quan | 166.2 | $300 | $49,860.00 |
| Melinda W. Weaver | 153.7 | $225 | $34,600.00 |
| Kelly A. Higa Brown | 170.8 | $200 | $34,175.00 |
| Kelcie N. Nagata | 17.6 | $200 | $3,532.50[2] |

---

[2] The Court imports the chart submitted by Plaintiff in the Motion. See ECF No. 522 at 3. Plaintiff's chart, however, contained a mathematical error, as the total for attorney Kelcie N. Nagata was incorrect (17.6 hours x $200 =

6

| | | | |
|---|---|---|---|
| Sasha A. Hamada | 99.9 | $200 | $19,198.00 |
| Matthew J. Terry | 805.3 | $200 | $161,065.00 |
| Noelle E. Chan | 11.9 | $200 | $2,380.00 |
| Elbridge Smith | .8 | $200 | $160.00 |
| *Paralegals* | | | |
| Johnnette Napoleon | 792.5 | $125 | $99,062.50 |
| Jennifer Mitsuyoshi | 343.1 | $125 | $42,887.50 |
| Joden Galmiche | 35.3 | $125 | $4,412.50 |
| Janis Fenton | 5.7 | $125 | $712.50 |
| Suzanne Zablan | 1.0 | $125 | $125.00 |
| **Total Fees** | | | **$875,963.80** |

A. **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The fee applicant bears the burden of showing that the rates requested are reasonable. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the

---

$3,520, not $3,532.50). This mathematical correction, as well as deductions discussed below, will be reflected in the Court's "Total Lodestar Calculation" in Section 4.

plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).  Reasonable hourly rates are determined by reference to the prevailing market rates in the forum district.  See Camacho, 523 F.3d at 979.  "However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate."  Id.  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits."  Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (internal citation omitted).

    **1.**  **Hourly Rate for Partners Ms. Bronster and Mr. Kupau**

Plaintiff requests $600 per hour for Ms. Bronster, a founding partner who has been practicing since 1983, and $350 for Mr. Kupau, a partner who has been practicing since 1992.  See ECF No. 522 at 2.  Plaintiff provides declarations from two local attorneys, Paul Alston and Susan Ichinose, in support of the requested hourly rates.[3]  See ECF Nos. 522-8, 522-9.

---

[3] Mr. Lanson Kupau also submitted a declaration in support of his requested hourly rate, as well as the requested hourly rates for seven associate attorneys and five paralegals.  See ECF No. 522-2.

8

The Court has reviewed the declarations and exhibits submitted by Plaintiff, the record in this case, and prior awards granted to Plaintiff's counsel and other attorneys in this district. Based on the Court's experience with attorney's fees motions, the information provided by counsel, and the Court's knowledge of the prevailing rates in the community, the Court finds that $600 is a reasonable rate for Ms. Bronster. The Court's prior decision awarding Ms. Bronster a rate of $250 per hour was issued over sixteen years ago. See Berry v. Hawaiian Exp. Service, Inc., 2006 WL 4102120 at *13 (D. Haw. Oct. 25, 2006) (approving an hourly rate of $250 for Ms. Bronster), report and recommendation adopted as modified sub nom. Berry v. Hawaii Exp. Serv., Inc., 2007 WL 689474 (D. Haw. Mar. 2, 2007), aff'd sub nom. Berry v. Dillon, 291 F. App'x 792 (9th Cir. 2008). Ms. Bronster is a former Attorney General, a founding partner of her firm, and has demonstrated litigation success within the community. See ECF Nos. 522-8, 522-9. Moreover, Defendant Carabbacan did not object to the hourly rates Plaintiff requests. Given that a great deal of time has passed since the Court's prior decision and Ms. Bronster's reputation within the community, the Court finds that an increase in Ms. Bronster's hourly rate is reasonable. See Balboa v. Hawaii Care and Cleaning, Inc., 2015 WL 4418304 at *3 (D. Haw. June 23, 2015) (finding $400 to be a reasonably hourly rate for an attorney with forty-seven years of experience); see also Du Preez v. Banis, 2017 WL 6523162 at *3 (Oct. 18, 2017), report and

recommendation adopted, 2017 WL 6519015 (D. Haw. Dec. 20, 2017) (awarding $400 for senior partners with over forty years of experience); Barnes v. Sea Hawaii Rafting LLC, 2021 WL 1939684, at *3 (D. Haw. Apr. 2, 2021), report and recommendation adopted, 2021 WL 1565401 (D. Haw. Apr. 21, 2021) (approving an hourly rate increase from $350 in 2019 to $450 in 2021).

Based on the Court's experience with attorney's fees motions, the information provided by counsel, and the Court's knowledge of the prevailing rates in the community, the Court finds that $350 per hour is a reasonable rate for Mr. Kupau.  See, e.g., J.T. by and through Renee T. v. Dept. of Education, 2019 WL 267869, at * 5-6 (D. Haw. Jan. 18, 2019) (in 2018, $350 is a reasonable hourly rate for work performed by an attorney with 48 years of practicing law and representing clients with disabilities in the achievement of civil rights since 2009); see also United States v. Hawaii Student Suites, Inc., 2021 WL 3134925, at *7 (D. Haw. May 28, 2021), report and recommendation adopted, 2021 WL 3131672 at *6-7 (D. Haw. July 23, 2021) (adopting an hourly rate of $375 for an attorney with 40 years of experience and 30 years of specialized experience).

> **2.  Hourly Rates for Associates Quan, Weaver, Brown, Nagata, Hamada, Terry, Chan, and Smith.**

Plaintiff requests between $200 and $300 per hour for associate work for seven associate attorneys, with experience and years of practice in Hawaii

10

ranging from one to eighteen years.  See ECF No. 522-2 at 2-3.  Mr. Kupau submitted a declaration in support of the requested hourly rates, providing the years of experience for each attorney.  See Camacho, 523 F.3d at 980 ("Affidavits of the plaintiff[']s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted).

      Based on the Court's experience with attorney's fees motions, the information provided by counsel, and the Court's knowledge of the prevailing rates in the community, the Court finds: (1) $300 per hour is a reasonable rate for Mr. Quan, an associate with 18 years of experience; (2) $225 per hour is a reasonable rate for Ms. Weaver, an associate with 11 years of experience; (3) $200 per hour is a reasonable rate for Ms. Higa Brown, an associate with ten years of experience; (4) $200 per hour is a reasonable rate for Ms. Hamada, an associate with eight years of experience; (5) $200 per hour is a reasonable rate for Mr. Smith, an associate with seven years of experience; and (6) $200 per hour is a reasonable rate for Mr. Terry, an associate with five years of experience.  See Adams v. Pac. iWorks, LLC, 2021 WL 685190, at *8 (D. Haw. Feb. 1, 2021), report and recommendation adopted, 2021 WL 683887 (D. Haw. Feb. 22, 2021) (finding that an hourly rate of $200, reduced from $350, was appropriate for an attorney with five years of experience); Eckerle v. Deutsche Bank Nat. Tr., 2012 WL 896266, at

*3 (D. Haw. Feb. 21, 2022), report and recommendation adopted, 2012 WL 896258 (D. Haw. Mar. 14, 2012) (approving the requested $210 hourly rate for an associate with five years of experience).

Because Ms. Chan has only one year of practice, the Court finds that a $200 hourly rate is unreasonable and reduces Ms. Chan's rate to $150.  See e.g., Hawaii Masons' Health & Welfare Fund v. Dynamic Interiors, LLC, 2015 WL 438181, at *8 (D. Haw. Jan. 14, 2015), report and recommendation adopted, 2015 WL 500496 (D. Haw. Feb. 3, 2015) (for work performed in 2014, the court reduced the hourly rate to $150.00 per hour after determining that "$195 per hour is excessive for an associate with one year of experience").

### 3. Paralegal Hourly Rate

Plaintiff requests an hourly rate of $125 for the five paralegals who worked on this case.  Mr. Kupau's declaration states that these paralegals' experience ranges from five to 29 years.  See ECF No. 522-2 at 3.  However, Mr. Kupau fails to identify the respective experience of each paralegal, and instead requests a blanket rate of $125 for all the paralegals who worked on this case.  See id.  Accordingly, the Court cannot determine the rates awarded for paralegals with similar experience in the community and finds that Plaintiff has not provided adequate support for the requested rate.  The Court reduces the five paralegal rates from $125 per hour to $100 per hour.  See Balboa v. Hawaii Care & Cleaning, Inc.,

2015 WL 4418304, at *3 (D. Haw. June 23, 2015), adopted by 2015 WL 4418712 (D. Haw. July 17, 2015) (finding that $105 per hour was a reasonable rate for a paralegal with thirty years of experience and $85 per hour was a reasonable rate for a paralegal with eight years of experience).

### A.  Hours Reasonably Expended

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Hensley, 461 U.S. at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  The applicant bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion.  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, Plaintiff's counsel submitted timesheets reflecting the hours worked.  See ECF No. 522-3.  Based on the Court's review of the time entries, the Court finds that the following deductions are appropriate.

#### 1.  Clerical Tasks

Several time entries reflect billing for clerical/ministerial work and are non-compensable.  "[C]lerical or ministerial costs are part of an attorney's

overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing court-generated notices, notifying clients of court hearings, filing documents with the court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. See id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); see also Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date are clerical or ministerial); Hawaii Carpenters Trust Funds v. Cosier Const., Inc., 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Black v. City and County of Honolulu, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010) (deeming clerical tasks such as traveling to court to check for form and filing complaint); Young v. Geico Indem. Co., 2009 WL 3049640, at *8

(D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

The Court makes the following reductions for clerical tasks: 3.5 hours from Ms. Bronster's time; 14.7 hours from Mr. Kupau's time; 0.5 hours from Mr. Quan's time; 0.3 hours from Ms. Weaver's time; 9.1 hours from Ms. Higa Brown's time; 0.4 hours from Mr. Terry's time; and 9.9 hours from Ms. Napoleon's time. See ECF No. 522-3.

### 2. Duplicative Entries

The general rule is that two attorneys cannot bill for attending the same meeting. See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010); see also Brandon E. v. Dep't. of Educ, 2008 WL 4602533, at *10 (D. Haw. Oct. 16, 2008). Thus, when a party's counsel meets with one another, the Court deducts the duplicative time billed. See id. Accordingly, the Court reduces counsel's hours for meetings, discussions, and other communications, for which both attorneys billed.

The Court makes the following reductions for duplicative entries: 8.7 hours from Ms. Bronster's time; 12.4 hours from Mr. Kupau's time; 2.5 hours from Mr. Quan's time; 2.9 hours from Ms. Weaver's time; 0.5 hours from Ms. Hamada's time; 4.5 hours from Mr. Terry's time; and 5.3 hours from Ms. Napoleon's time. See ECF No. 522-3.

### 3. Block Billing

Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block-billed hours by twenty percent). Courts may reduce the hours that are billed in block format. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

After reviewing counsel's time entries, the Court finds that the deductions for block billing are warranted, because some time entries contain actions that should not be billed together. For example, it is not reasonable to bill for time spent in a meeting and for reviewing documents. These groupings are impermissible block billing because they do not allow the Court to determine whether the time spent on these separate tasks is reasonable. In total, the Court finds that 67 hours of Mr. Kupau's hours are block billed, 6.2 hours of Ms. Hamada's hours are block billed, and 13.6 hours of Ms. Napoleon's hours are block billed. See ECF No. 522-3.

Because the Court cannot determine the reasonableness of the time spent on the separate tasks in these block-billed entries, the Court finds that a twenty percent deduction to the time requested in these entries is appropriate.

Accordingly, the Court deducts 13.4 hours from Mr. Kupau's time (67 hours x 0.2 = 13.4), 1.2 hours from Ms. Hamada's time (6.2 x 0.2 = 1.2), and 2.7 hours from Ms. Napoleon's time (13.6 x 0.2 = 2.7).

### 4.  Total Lodestar Calculation

The Court finds that the following attorneys' fees are reasonable:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| *Attorneys* | | | |
| Margery S. Bronster | 78.5 | $600 | $47,100.00 |
| Lanson K. Kupau | 1,006.9 | $350 | $352,415.00 |
| Anthony J. Quan | 163.2 | $300 | $48,960.00 |
| Melinda W. Weaver | 150.5 | $225 | $33,862.50 |
| Kelly A. Higa Brown | 161.7 | $200 | $32,340.00 |
| Kelcie N. Nagata | 17.6 | $200 | $3,520.00 |
| Sasha A. Hamada | 98.2 | $200 | $19,640.00 |
| Matthew J. Terry | 800.4 | $200 | $160,080.00 |
| Noelle E. Chan | 11.9 | $150 | $1,785.00 |
| Elbridge Smith | .8 | $200 | $160.00 |
| *Paralegals* | | | |
| Johnnette Napoleon | 774.6 | $100 | $77,460.00 |

| Jennifer Mitsuyoshi | 343.1 | $100 | $34,310.00 |
|---|---|---|---|
| Joden Galmiche | 35.3 | $100 | $3,530.00 |
| Janis Fenton | 5.7 | $100 | $570.00 |
| Suzanne Zablan | 1.0 | $100 | $100.00 |
| Total Fees | | | $815,832.50 |
| Hawaii GET 4.712% | | | $38,442.03 |
| **GRAND TOTAL** | | | **$854,274.53** |

The Court does not find that this case presents the rare and exceptional circumstances to justify an adjustment to this lodestar figure. In total, the Court FINDS AND RECOMMENDS that the district judge award $854,274.53 in attorneys' fees.

## IV.   Costs

Plaintiff requests $28,640.78 in costs. See ECF No. 522 at 3. On November 29, 2021, Plaintiff filed a Bill of Costs. See ECF No. 511. On December 22, 2021, the Court decided it will reserve its ruling on Plaintiff's Bill of Costs pending the resolution of Defendant's Motion for New Trial and/or Remittitur and Relief under Rule 59(e) and Defendant's Motion Re: Supersedeas Bond and for Stay Pending Appeal. See ECF No. 520. Accordingly, the Court will not award $28,640.78 in costs at this time.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiff's Motion for Award of Attorneys' Fees and AWARD Plaintiff $854,274.53 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 7, 2022.



Wes Reber Porter
United States Magistrate Judge