IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. MUELLER, | ) CIVIL NO. 17-00571 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART AND DENY IN PART |
| | ) PLAINTIFF'S BILL OF COSTS |
| STATE OF HAWAII | ) |
| DEPARTMENT OF PUBLIC | ) |
| SAFETY; NOLAN ESPINDA; | ) |
| FREDDIE CARABBACAN, | ) |
| | ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S BILL OF COSTS

On November 29, 2021, Plaintiff Elizabeth A. Mueller filed a Bill of

Costs seeking $28,640.78 in taxable costs. See ECF No. 511. Defendants State of

Hawaii, Department of Public Safety, and Nolan Espinda (hereinafter collectively

referred to as the "State Defendants") submitted their Objections on December 6,

2021. See ECF No. 512. Defendant Carabbacan did not file an objection to

Plaintiff's request for costs. The Court directed Plaintiff to file a reply, and she did

so on December 14, 2021. See ECF Nos. 513, 516.

1

After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Bill of Costs be GRANTED IN PART AND DENIED IN PART.[1]

<u>DISCUSSION</u>

On November 15, 2021, Judgment was entered in favor of Plaintiff and against Defendants.  <u>See</u> ECF No. 510.  Plaintiff's Bill of Costs followed, to which State Defendants raised numerous objections.  Defendant Carabbacan did not file an objection to Plaintiff's request for costs.  Before resolving State Defendants' specific objections to Plaintiff's request for costs, the Court sets forth the law that governs Plaintiff's request.

## I.    Entitlement to Costs

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs under Rule 54(d).  <u>See</u> <u>Yasui v. Maui Electric Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).

## A.  Plaintiff's Failure to Comply with Local Rule

State Defendants argue that the Court should deny Plaintiff's request

for costs because her Bill of Costs fails to comply with Local Rule 54.1.  See ECF

No. 512 at 11-12.  Local Rule 54.1(c) details the required "contents" of the Bill of

Costs as follows:

> The Bill of Costs must state separately and specifically
> each item of taxable costs claimed.  It must be supported
> by a memorandum setting forth the grounds and
> authorities supporting the request and an affidavit that the
> costs claimed are correctly stated, were necessarily
> incurred, and are allowable by law.  The affidavit must
> also contain a representation that counsel met and
> conferred in an effort to resolve any disputes about the
> claimed costs and the results of such a conference, or
> explain why the conference was not held. . . .  Any
> vouchers, bills, or other documents supporting the
> requested costs shall be attached as exhibits.

LR54.1(c).

State Defendants allege that Plaintiff's Bill of Costs is deficient

because Plaintiff failed to file a memorandum in support and failed to set forth the

grounds and authorities supporting the request.  See ECF No. 512 at 11.  State

Defendants are correct that Plaintiff's Bill of Costs was not supported by a separate

memorandum setting forth the grounds and authorities supporting the requested

costs.  See ECF No. 511.  The declaration of counsel also fails to provide any

authority supporting the requested costs.  See ECF No. 511-1.  Instead, Plaintiff

3

relies solely on her submission of a standard form, specifically Form AO-133.  <u>See</u>

ECF No. 511.  While Plaintiff's Bill of Costs fails to comply with the Local Rules,

the supporting invoices and receipts attached provide sufficient information about

the requested costs.  Accordingly, the Court FINDS that the interests of justice are

better served by addressing the merits of the costs at issue instead of denying costs

outright and RECOMMENDS that the district court GRANT IN PART AND

DENY IN PART Plaintiff's Bill of Costs as detailed below.

## II.    Taxation of Costs and Appropriate Deductions

The costs that the Court is authorized to tax under Rule 54(d)(1) are

enumerated in 28 U.S.C. Section 1920:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts
   necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers
   necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts,
   compensation of interpreters, and salaries, fees,
   expenses, and costs of special interpretation services
   under section 1828 of this title.

28 U.S.C. § 1920.  Local Rule 54.1(f) also provides that "[c]osts are taxed in

conformity with 28 U.S.C. §§ 1821, 1920-1925, and other applicable statutes."

LR54.1(f).  Plaintiff seeks costs in the amount of $28,640.78.  See ECF No. 511-1

at 2.  Each category of costs is addressed below, as are State Defendants'

objections to each category.

### A.  Fees of the Clerk

Section 1920(1) allows for taxation of costs for fees paid to the clerk.

See 28 U.S.C. § 1920(1).  Plaintiff asks for an award of costs of $515.00 for the

filing fee paid for the Complaint.  See ECF No. 511-4 at 2.  These costs are taxable

as fees of the clerk.  See LR54.1(f)(6) ("Fees paid to the clerk of the state court

prior to removal are taxable in this court, unless the removed case is remanded

back to state court.").  The Court FINDS that Plaintiff is entitled to costs of

$515.00 for fees relating to filing the Complaint.

### B.  Fees for Service

Local Rule 54.1(f)(1) provides that costs for service of subpoenas are

allowable "to the extent they are reasonably required and actually incurred."

LR54.1(f)(1).  Plaintiff requests $4,895.83 for costs related to service of summons

and subpoena.  See ECF No. 511-4 at 2-3.  Each subcategory of costs pertaining to

fees for service, and State Defendants' corresponding objections are addressed in

turn.

### 1. Fees for Service of Summons and Discovery

Plaintiff requests $568.00 in fees for the process server fee for service of summons and discovery, and $48.00 in fees for attempts to serve summons and discovery on Defendant Carabbacan.  See ECF No. 511-4 at 2, 11-12 (Reference No. 2); see also id. at 2, 13 (Reference No. 3).  State Defendants object, arguing that the costs claimed under Reference Nos. 2 and 3 fail to meet the requirements of LR54.1(c).[2]  See ECF No. 512 at 12-14.  LR54.1(c) requires the Bill of Costs to "state separately and specifically each item of taxable costs claimed."  LR54.1(c).

The Court finds that Plaintiff separately and specifically stated each item of the taxable costs claimed under Reference Nos. 2 and 3 and, thus, satisfied the requirements of LR54.1(c).  The supporting invoice for the $568.00 in fees for the process server fee for service lists the nine individuals and/or entities served at the time, as well as the time, date, and location of service.  See ECF No. 511-4 at 11-12.  The invoice similarly specified the mileage fee and service fee claimed. See id.  Additionally, the supporting billing statement for the $48.00 in fees for attempts to serve summons and discovery on Defendant Carabbacan separately and specifically stated two attempts to serve two addresses associated with Carabbacan.

---

[2]  For Reference No. 3, State Defendants also argue Defendant Carabbacan should solely be responsible for this cost because Carabbacan was not an employee of the State at the time this action was initiated.  See ECF No. 512 at 13-14.  This argument will be addressed in Section III.

See id. at 13.  Accordingly, the Court FINDS that Plaintiff is entitled to $616.00[3]
in costs for fees for service of summons and delivery.

### 2.  Fees for Investigations to Locate and Serve

Plaintiff requests $240.00 in fees for investigations to locate and serve
Defendant Carabbacan.  See ECF No. 511-4 at 2, 14 (Reference No. 4).  State
Defendants object to the fees related to the Copeland Investigations, arguing: (1)
that the costs under Reference No. 4 fail to "state separately and specifically each
item of taxable costs claimed;" and (2) that "[e]lectronic or computer research
costs are not taxable."[4]  ECF No. 512 at 14 (citing LR54.1(c), (f)(5)).

Of the $240.00 in fees to locate and serve Defendant Carabbacan,
Plaintiffs seek $120.00 in fees for investigations to locate and serve Defendant
Carabbacan that arose from data base searches.  See ECF No. 511-4 at 14.
Because computer research costs are not taxable under Local Rule 54.1(f)(5), the
Court FINDS that $120.00 should be deducted from fees for investigations to
locate and serve.  Accordingly, Plaintiff is entitled to $120.00[5] for fees for
investigations to locate and serve.

---

[3] $568.00 (Reference No. 2) + $48.00 (Reference No. 3) = $616.00.
[4] State Defendants also argue Defendant Carabbacan should solely be
responsible for this cost because Carabbacan was not an employee of the State at
the time this action was initiated.  See ECF No. 512 at 15.  This argument will be
addressed in Section III.
[5] $240 - $120 = $120.00 (Reference No. 4).  See ECF No. 511-4 at 14.

Plaintiff requests $2,220.94 in fees for publications of summons for

Defendant Carabbacan in the Honolulu Star-Advertiser.  See ECF No. 511-4 at 2

(Reference No. 5).[6]  The Court FINDS that Plaintiff is entitled to recover the

$2,220.94 in fees related to publication, totaling $2,340.94 for fees related to

investigations to locate and serve.[7]

### 3.  Fees for Service of Deposition Subpoenas

Plaintiff requests $571.42 in fees for the process server fee for service

of deposition subpoenas [8] and $125.00 in fees for investigations to locate and serve

deposition subpoena on Russell Ching.  See ECF No. 511-4 at 2, 20-27 (Reference

Nos. 6-13).  State Defendants object to $511.07 of these fees,[9] arguing that some of

---

[6] State Defendants argue Defendant Carabbacan should solely be responsible for this cost because Carabbacan was not an employee of the State at the time this action was initiated.  See ECF No. 512 at 15.  This argument will be addressed in Section III.

[7] $120 + $2,220.94 = $2,340.94.

[8] $45.03 requested for 8/09/2019 services (Reference No. 6); $142.37 requested for 8/23/2019 services (Reference No. 7); $14.07 requested for 9/03/2019 services (Reference No. 8); $46.60 requested for 9/16/2019 services (Reference No. 9): $187.02 requested for 9/15/2019 services (Reference No. 10); $90.05 requested for 10/03/2019 services (Reference No. 11); and $46.28 requested for 10/05/2019 services (Reference No. 12) for a total of $571.42.  See ECF No. 511-4 at 2.

[9] $45.03 + $142.37 + $46.60 + $187.02 + 90.05 = $511.07.  See ECF No. 511-4 at 2 (Reference Nos. 6, 7, 9, 10, and 11).

For Reference No. 6, State Defendants argue Defendant Carabbacan should solely be responsible for this cost because Carabbacan was not an employee of the State at the time this action was initiated.  See ECF No. 512 at 15-16.  This argument will be addressed in Section III.

these costs were not "necessarily incurred."  ECF No. 512 at 16-18 (objecting to

fees under Reference Nos. 6, 7, 9, 10, and 11); see also LR54.1(c).

       The Court finds that fees incurred under Reference No. 7 – "process

server-fee for service of deposition subpoenas on COR Hawaii State Judiciary –

First Circuit Adult Client Services, COR Honolulu Police Department, and COR

Waikiki Health Center" – were necessarily incurred.  State Defendants argue they

were not necessarily incurred because Plaintiff canceled the deposition of Adult

Client Services.  See ECF No. 512 at 16.  However, as stated by Plaintiff, this

argument disregards the fact that a different branch of the Department of the

Attorney General, State of Hawaii filed a motion to quash these subpoenas.  See

ECF No. 516 at 7-8 (citing ECF No. 119).  On October 3, 2019, the Court ordered

the Adult Client Services Branch to produce the documents "from Plaintiff's own

closed 'probation file,' any probation officer(s)'s notes of meeting with Plaintiff

that took place *after* the alleged incident on July 3, 2014" for *in camera* inspection.

ECF No. 158 at 2 (Order Directing Adult Client Services Branch to Product

Documents for *In Camera* Inspection) (emphasis in original).  This order undercuts

State Defendants' argument of unreasonableness.  Accordingly, the Court

RECOMMENDS that the district court overrule this objection.

       State Defendants object to fees requested under Reference Nos. 9-11,

fees for service of deposition subpoenas of State employees, and argue that service

was not necessary because they would have made employees available for their

depositions.  See ECF No. 512 at 16-18.  In response, Plaintiff argues that

"Plaintiff's counsel made multiple requests for assistance in securing the DPS

employees' attendance, but Defendants refused to coordinate and ensure their

availability, necessitating the subpoenas."  ECF No. 516 at 8.

Under Rule 54(d), there is a presumption that the prevailing party will

be awarded its taxable costs.  See Save Our Valley, 335 F.3d at 944.  Because State

Defendants fail to demonstrate any effort to coordinate employee availability

contrary to Plaintiff's claims, the Court FINDS that the fees requested under

Reference Nos. 9-11 were necessarily incurred, and Plaintiff is entitled to costs of

$696.42[10] in fees for the process server fee for service of deposition subpoenas.

### 4.  Fees for Service of Trial Subpoenas

Plaintiff requests $1,030.91 in fees for the process server fee for

service of trial subpoenas.[11]  See ECF No. 511-4 at 2-3, 28-32, 35-43 (Reference

---

[10]  $571.42 + $125.00 = $696.42.

[11]  $279.96 requested for 4/08/2020 services (Reference No. 14);
$46.28 requested for 4/09/2020 services (Reference No. 15); $96.54 for 4/10/2020
services (Reference No. 16); and $7.54 for 4/18/20 services (Reference No. 17);
$70.79 requested for 8/27/2021 services (Reference No. 20); $46.28 requested for
8/30/2021 services (Reference No. 21); $137.59 requested for 9/02/2021 services
(Reference No. 22); $129.88 requested for 9/03/2021 services (Reference No. 23);
$60.23 requested for 9/10/2021 services (Reference No. 24); $48.42 requested for
9/16/2021 services (Reference No. 25); $52.57 requested for 9/23/2021 services
(Reference No. 26); and $54.83 requested for 9/30/2021 services (Reference No.
27) for a total of $1,030.91.  See ECF No. 511-4 at 2-3.

Nos. 14-17, 20-27).  State Defendants object to $846.20 of these fees,[12] arguing

that these costs were not necessarily incurred because: (1) they would have made

employees available for trial; (2) trial was not likely to move forward due to the

COVID-19 pandemic; (3) certain witnesses served were not ultimately called as

witnesses at the trial; and (4) certain individuals were parties to the lawsuit and

therefore service of a subpoena was not necessary.  See ECF No. 512 at 18-24

(objecting to fees under Reference Nos. 14-17, 20-22, 24-26); see also LR54.1(c).

The Court is unpersuaded by these arguments for the following three

reasons.  First, State Defendants again fail to demonstrate any effort to coordinate

employee availability.  Second, trial was scheduled for May 12, 2020 at the time of

service, and Plaintiff was required to prepare for trial.  See ECF No. 190 at 7.

Third, parties are permitted to alter their trial strategies and are not bound to call

each witness subpoenaed for trial.  The decision not to call certain witnesses was

---

[12] $279.96 requested for 4/08/2020 services (Reference No. 14);
$46.28 requested for 4/09/2020 services (Reference No. 15); $96.54 for 4/10/20
services (Reference No. 16); and $7.54 for 4/18/2020 services (Reference No. 17);
$70.79 requested for 8/27/2021 services (Reference No. 20); $46.28 requested for
8/30/2021 services (Reference No. 21); $137.59 requested for 9/02/2021 services
(Reference No. 22); $60.23 requested for 9/10/2021 services (Reference No. 24);
$48.42 requested for 9/16/2021 services (Reference No. 25); and $52.57 requested
for 9/23/2021 services (Reference No. 26) for a total of $846.20.

For Reference No. 20, State Defendants also argue Defendant
Carabbacan should solely be responsible for this cost because Carabbacan was not
an employee of the State at the time this action was initiated.  See ECF No. 512 at
22.  This argument will be addressed in Section III.

made after the issuance of subpoenas; thus, the costs were necessary at the time incurred. Accordingly, the Court RECOMMENDS that the district court overrule the objections and FINDS that Plaintiff is entitled to $1,030.91[13] for service of trial subpoenas.

### 5. Fees for Service of Subpoenas for Evidentiary Hearing

Plaintiff requests $91.56 in fees for the process server fee for service of subpoenas for evidentiary hearings.[14] See ECF No. 511-4 at 3, 32-33 (Reference Nos. 18-19). State Defendants object to these fees, arguing that these costs were not "necessarily incurred." ECF No. 512 at 21-22; see also LR54.1(c). For the reasons stated above, the Court FINDS that the fees requested under Reference Nos. 18-19 were necessarily incurred.

The Court FINDS that Plaintiff is entitled to $4,775.83 for fees for service.

_____

[13] $279.96 requested for 4/08/2020 services (Reference No. 14); $46.28 requested for 4/09/2020 services (Reference No. 15); $96.54 for 4/10/2020 services (Reference No. 16); and $7.54 for 4/18/20 services (Reference No. 17); $70.79 requested for 8/27/2021 services (Reference No. 20); $46.28 requested for 8/30/2021 services (Reference No. 21); $137.59 requested for 9/02/2021 services (Reference No. 22); $129.88 requested for 9/03/2021 services (Reference No. 23); $60.23 requested for 9/10/2021 services (Reference No. 24); $48.42 requested for 9/16/2021 services (Reference No. 25); $52.57 requested for 9/23/2021 services (Reference No. 26); and $54.83 requested for 9/30/2021 services (Reference No. 27) for a total of $1,030.91. See ECF No. 511-4 at 2-3.

[14] $46.53 requested for 9/24/2020 services (Reference No. 18); and $45.03 requested for 9/24/2020 services (Reference No. 19) for a total of $91.56.

### C.  Witness Fees

Section 1920(3) allows for taxation of costs for fees for witnesses.

See 28 U.S.C. § 1920(3).  Local Rule 54.1(f)(3) provides that witness fees are

taxable "to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."

LR54.1(f)(3).   Further, Local Rule 54.1(f)(3) expressly states that "fees for expert

witnesses are not taxable in an amount greater than statutorily allowable for

ordinary witnesses." Id.  Under Section 1821(b), "[a] witness shall be paid an

attendance fee of $40 per day for each day's attendance." See 28 U.S.C.

§ 1821(b).

Plaintiff requests $1,232.80 in fees relating to witnesses.  See ECF

Nos. 511-4 at 6-7, 511-5 at 22.  (Reference Nos. 60-86).  State Defendants renewed

their objections made to the fees requested for service of subpoenas, arguing that

these costs were not necessarily incurred because: (1) they would have made

employees available for trial; (2) trial was not likely to move forward due to the

COVID-19 pandemic; (3) certain witnesses served were not ultimately called as

witnesses at the trial; and (4) certain individuals were parties to the lawsuit and

therefore service of a subpoena was not necessary.  See ECF No. 512 at 37-46.

Plaintiff alleges that "Plaintiff's counsel made multiple requests for

assistance in securing the DPS employees' attendance, but Defendants refused to

coordinate and ensure their availability, necessitating the subpoenas."  ECF No.

516 at 12.  State Defendants present no evidence to refute this claim.  For reasons

stated above, the Court again RECOMMENDS that the district court overrule these

objections and conclude that the cost of witness fees should be awarded.

### D.  Transcripts

Section 1920(2) permits the taxation of fees for "transcripts

necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Local Rule

54.1(f)(2) provides that "[t]he cost of a stenographic and/or video original and one

copy of any deposition transcript necessarily obtained for use in the case is

allowable" even if not introduced in evidence or used at trial "so long as, at the

time it was taken, it could reasonably be expected that the deposition would be

used for trial preparation, rather than mere discovery."  LR54.1(f)(2).

Plaintiff requests $11,378.10 in costs related to transcripts for: (i) the

deposition testimony of the parties' witnesses; and (ii) two hearings before the

district court.  See ECF No. 511-4 at 4-5, 44-65 (Reference Nos. 28-43).  Each

category, and State Defendants' corresponding objections, are addressed in turn.

### 1.  Deposition Transcripts

State Defendants object to costs under Reference No. 42, arguing

costs for a cancelled deposition were not "necessarily incurred."  ECF No. 512 at

25; see also LR54.1(c).  The invoice indicates it is "for services rendered prior to

cancellation on 12/17/20," but does not describe what those services were, and

therefore the Court cannot determine if those services were reasonably required.

ECF No. 511-4 at 62.  Accordingly, the Court FINDS that $78.53 should be

deducted from fees for transcripts.

## 2.  Hearing Transcripts

Costs also may be taxed for hearing and trial transcripts because they

too may be "transcripts necessarily obtained for use in the case."  28 U.S.C. §

1920(2).  Plaintiff seeks the transcript costs from two hearings before the district

court: a motion for summary judgment and an evidentiary hearing.  See ECF No.

511-4 at 4-5, 61, 64-65 (Reference Nos. 41 and 43).  State Defendants object,

arguing the transcripts were not "necessarily obtained for use in the case" because

they "contain[] inadmissible evidence," and the higher costs paid for the expedited

turnaround for these transcripts were also not necessary.  ECF No. 512 at 25-27.

Because the requested transcripts were for hearings on dispositive

motions and limited pre-trial proceedings, the Court finds these transcripts were

necessarily ordered for use at trial and are taxable.  The Court FINDS that Plaintiff

is entitled to costs of $1,298.86 for hearing transcripts.[15]

---

[15] $159.59 requested for the 1/30/2020 hearing (Reference No. 41) +
$1,139.27 requested for the 5/13/2021 hearing (Reference No. 43) = $1,298.86.

### E.  Printing and Copying Costs

Sections 1920(3) and (4) allow for taxation of costs for "printing" and for "making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(3), (4).  Pursuant to Local Rule 54.2(f)(4), the party requesting costs must provide an affidavit describing "the use of or intended purpose for the items copied."  LR54.2(f)(4).  Local Rule 54.2(f)(4) specifically provides that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is *not taxable*."  LR54.2(f)(4) (emphasis added).

### 1.  Printing

Plaintiff seeks $975.53 for printing.  See ECF No. 511-4 at 6 (Reference Nos. 44-59).  State Defendants object to $215.30, arguing Plaintiff does not provide a description of the documents copied, number of pages copied, the cost per page, or the intended use for the items copied.[16]  See ECF No. 512 at 27-

---

[16] $32.50 requested for the 8/16/2017 copies (Reference No. 44) + $1.50 requested for the 11/15/2017 copies (Reference No. 45) + $1.50 requested for the 12/07/2017 copies (Reference No. 46) + $12.00 requested for the 12/31/2017 copies (Reference No. 47) + $15.10 requested for the 12/31/2017 copies (Reference No. 48) + $0.90 requested for the 3/31/2018 (Reference No. 49) + $5.60 requested for the 6/30/2018 copies (Reference No. 50) + $12.00 requested for the 4/24/2018 copies (Reference No. 51) + $3.70 requested for the 7/08/2019 copies (Reference No. 52) + $52.50 requested for the 7/22/2019 copies (Reference No. 53) + $4.90 requested for the 9/30/2019 copies (Reference No. 54) + $4.00 requested for the 12/31/2019 copies (Reference No. 55) + $10.70 requested for the

36.  Because Plaintiff did not submit an affidavit, the Court FINDS Plaintiff have

failed to provide the requisite information regarding "the use of or intended

purpose for the items copied" as to $215.30 in costs to enable the Court to find that

such costs were necessary as opposed to merely for the use and/or convenience of

Plaintiff or her counsel.  See LR54.1(f)(4).  The Court therefore FINDS that

printing costs of $760.23[17] are taxable.

## 2. Copying

Plaintiff requests $7,407.90 for exemplification and the costs of

making copies (Reference No. 87).  See ECF Nos. 511-3, 511-4 at 7.  State

Defendants object, arguing again that Plaintiff does not provide the documents

copied, number of pages copied, the cost per page, or the intended purpose for the

items copied.  See ECF No. 512 at 46-47.  In support of these costs, Plaintiff

submitted a chart detailing the date copies were made, the number of copies made,

and the cost per page (Attachment B).  See ECF No. 511-3.  The chart, however,

fails to provide a description of the documents copied or the intended purpose for

the items copied.  See id.  Accordingly, the Court FINDS that $7,407.90 should be

deducted for copy costs.

---

4/01/2020 copies (Reference No. 57) + $58.40 requested for the 6/30/2020 copies
(Reference No. 58) = $215.30.

[17] $975.53 - $215.30 = $760.23.

### F. Other Costs

Plaintiff seeks an award of $2,235.62 in "other" costs. See ECF No.

511-4 at 7 (Reference Nos. 88-97). These costs are associated with DVDs of video

depositions and office supplies. State Defendants do not object to costs associated

with the DVDs of video depositions, but do object to the additional sets of copies.

See ECF No. 512 at 47-48. Based on the invoices provided, it appears that

Plaintiff is seeking DVD costs for a total of five copies for Lt. Ching's video

deposition, and four copies for Mr. Carabbacan's video deposition. (Reference

Nos. 88-90, 92). See ECF No. 511-5 at 76-78, 80. "The cost of stenographic

and/or video original and one copy of any deposition transcript necessarily

obtained for use in the case is allowable." LR54.1(f)(2). Accordingly, the Court

FINDS that $486.90 should be deducted for the costs of the extra copies of

DVDs.[18]

State Defendants object to costs associated with office supplies

because the District of Hawaii "has not issued any opinions regarding office

supplies," and "Plaintiff submitted no memorandum setting forth the grounds and

authorities supporting the taxation of costs for office supplies." ECF No. 512 at

---

[18] Deducting $62.82 for Mr. Carabbacan's extra copy from 9/05/2019 (Reference No. 89) and $424.08 for the extra three copies requested for both Mr. Carabbacan and Lt. Ching on 4/21/2020 (Reference No. 92) for a total of $486.90.

48. The Court agrees with State Defendants, and RECOMMENDS deducting

$664.95 for costs associated with office supplies.[19]

### E.  Total Calculations

The Court finds that the following costs are taxable: $515.00 for fees

of the clerk; $4,775.83 for fees related to service;[20] $1,232.80 for witness fees;

$11,299.57 for transcript fees;[21] $760.23 for print and copy fees;[22] and $1,083.77

for other costs.[23]  In total, the Court RECOMMENDS that the district court award

Plaintiff taxable costs in the amount of $19,667.20.

### III.   Apportionment of Costs

State Defendants object to several costs associated with Defendant

Carabbacan, arguing that Defendant Carabbacan should be solely responsible for

such costs.  See ECF No. 512 at 14.  Specifically, State Defendants object to costs

---

[19] $60.40 requested for 4/08/2020 supplies (Reference No. 91) + $165.21 requested for 5/05/2020 supplies (Reference No. 93) + $236.61 requested for 7/29/2020 supplies (Reference No. 94) + $117.61 requested for 10/07/2021 supplies (Reference No. 95) + $52.52 requested for 10/18/2021 supplies (Reference No. 96) + $32.60 requested for 10/21/2021 supplies (Reference No. 97) = $664.95.

[20] $4,895.83 requested - $120 from fees for investigations to locate and serve = $4,775.83.

[21] $11,378.10 requested - $78.53 from deposition transcripts = $11,299.57.

[22] $8,383.43 requested ($7,407.90 for costs of making copies and $975.53 for printing costs) - $215.30 from printing costs - $7,407.90 from copy costs = $760.23.

[23] $2,235.62 requested - $486.90 for DVDs - $664.95 for office supplies = 1,083.77.

associated with service of Defendant Carabbacan's summons and delivery, as well
as fees for publication, and his trial subpoena.  See id. at 13-16, 22 (Reference Nos.
3-6, 20).

The Ninth Circuit has not directly addressed the issue of apportioning
prevailing party costs, but the default rule in sister circuits is, the losing parties are
jointly and severally liable for costs.  See, e.g., Anderson v. Griffin, 397 F.3d 515,
522-23 (7th Cir. 2005) ("[T]he presumptive rule is joint and several liability unless
it is clear that one or more of the losing parties is responsible for a disproportionate
share of the costs."); Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497
(8th Cir. 2002) ("Joint and several liability for costs is the general rule unless
equity otherwise dictates."); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469
(3d Cir. 2000), as amended (Sept. 15, 2000) (holding that "the default rule is that
costs may be imposed jointly and severally," and that the losing parties have the
burden of introducing evidence persuading the court otherwise).  This rule has also
been adopted by other districts in the Ninth Circuit, based on identical statutory
language and public policy considerations.  See Daniel v. Ford Motor Co., 2018
WL 1960653, at *2 (E.D. Cal. Apr. 26, 2018) (citing Tubbs v. Sacramento Cty.
Jail, 258 F.R.D. 657, 660 (E.D. Cal. 2009)); see also Andresen v. Int'l Paper Co.,
2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015).

For determining whether and how to apportion costs, the Court finds instructive the reasoning set forth by the Third Circuit in In re Paoli R.R..  See 221 F.3d at 469; see also Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1143 (N.D. Cal. 2010).  The Third Circuit held that "the burden [is] on the losing parties to introduce evidence and persuade the court that costs should be apportioned, and in the event that they fail to do so, the default rule is that costs may be imposed jointly and severally."  In re Paoli R.R., 221 F.3d at 469.  If the losing parties can put forth "evidence suggesting that these costs could be connected – to a greater or lesser degree – with any of the particular [parties]," costs may be apportioned.  Id. at 470.  In contrast, if a party would have incurred the same costs despite the existence of multiple parties, or if the costs were incurred to pursue claims and defenses common to all parties, apportionment is not appropriate.  See id. (upholding the district court's refusal to apportion costs because "[e]ach of these plaintiffs advanced toxic tort claims that prompted the Defendants to hire experts, conduct studies, and prepare trial exhibits and documents aimed at defending against this class of claims"); see also Hynix, 697 F. Supp. 2d at 1145 (refusing to apportion costs when "[m]any of the costs incurred in defending against the conduct claims of all of the manufacturers undoubtedly would have been incurred even if only one of the manufacturers, such as Hynix, had brought the claims"); 3000 E. Imperial, LLC v. Robertshaw Controls Co.,

21

2011 WL 13180458, at *2 (C.D. Cal. May 2, 2011) (declining to apportion costs based upon similar reasoning).

Here, State Defendants argue that certain costs related to service and publication should be apportioned to Defendant Carabbacan. Conversely, Defendant Carabbacan failed to introduce any evidence that prevailing party costs should be apportioned. Applying the above principles to this case, The Court FINDS that it is appropriate to apportion costs associated with Defendant Carabbacan's summons and delivery, trial subpoena, and publication. See ECF No. 511-4 at 2-3 (Reference Nos. 3-6, 20).

Accordingly, the Court finds that $2,504.76[24] is apportioned to Defendant Carabbacan, and Defendants are jointly and severally responsible for the remainder of the costs awarded hereinafter.

---

[24] $48.00 (Reference No. 3) + $120.00 (Reference No. 4) + $2,220.94 (Reference No. 5) + $45.03 (Reference No. 6) + $70.79 (Reference No. 20) = $2,504.76.

<u>CONCLUSION</u>

The Court FINDS AND RECOMMENDS that the district court

GRANT IN PART AND DENY IN PART Plaintiff's Bill of Costs and TAX costs

jointly and severally against Defendants as to the Plaintiff in the amount of

$17,162.44[25] and TAX costs individually against Defendant Carabbacan as to the

Plaintiff in the amount of $2,504.76.

IT IS SO FOUND AND RECOMMENDED.

DATED APRIL 28, 2022 AT HONOLULU, HAWAII.



_____

Wes Reber Porter
United States Magistrate Judge

---

[25] $19,667.20 total taxable costs - $2,504.76 apportioned to Defendant
Carabbacan = $17,162.44 remaining for joint and several liability.